Siskin v. Johnson.

R. H. SISKIN *et al. v.* GEORGE JOHNSON.*

(*Nashville.*   December Term, 1924.)

1. **MASTER AND SERVANT.** Employers of independent contractor held not ''principal contractors.''

Defendants who engaged an independent contractor to unload car wheels, and who had not contracted to do such work for another, were not "principal contractors," within Workmen's Compensation Act, section 15, making principal contractors liable for compensation to their subcontractor's employees, and were not liable to independent contractor's employee. (*Post, pp.* 97, 98.)

2. **MASTER AND SERVANT.**   One not controlled by employer held independent contractor.

One who contracted to unload wheels at so much per car, and whose employer exercised no control over him, *held* independent contractor.   (*Post, p.* 97, 98.)

Acts cited and construed: Acts 1919, ch. 123.

3. **MASTER AND SERVANT.** Provisions of Compensation Act relative to principal contractors apply only to principal contractor's premises.

Workmen's Compensation Act, section 15, declaring liability of principal, intermediate, and subcontractor, applies only to cases where injury occurs on, in, or about premises on which principal contractor has undertaken to execute work, or which are otherwise under his control. (*Post, p.* 98.)

Case cited and approved: Williams v. Buchanan, 149 Tenn., 643.

*Headnotes 1. Workmen's Compensation Acts, Section 41; 2. Workmen's Compensation Acts, Section 41 (1926 Anno); 3. Workmen's Compensation Acts, Section 41.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.—
HON. OSCAR YARNELL, Judge.

BROWN & NOONE, for plaintiff.

ALTAFFER & HAMMACK, for defendants.

MR. JUSTICE HALL delivered the opinion of the Court.

This action was instituted in the circuit court of Hamilton county by George Johnson, by petition, against R. H. Siskin and Abe Siskin, doing business under the firm name of R. H. Siskin & Son, and also as R. H. Siskin Iron & Metal Company, to recover compensation for an injury sustained while in the employ of one H. C. Carter, who had been employed by defendants to transfer some heavy iron car wheels from a railroad car to the Jones Machine & Foundry Company.

The petition avers that, while in the car with other employees of defendants engaged in unloading car wheels, and while engaged in jacking up one of the wheels in order to get another wheel out from under it that it might be loaded onto the truck of H. C. Carter, his immediate employer, the jack slipped, letting the car wheel down on the fore or index finger of the left hand of petitioner, injuring it to such an extent that it was necessary to amputate it below the second joint.

The petition averred that defendants were operating under the Workmen's Compensation Act at the time petitioner sustained the injury above described on January 8, 1923; that petitioner was earning, at the time of said injury, $12 per week, and that defendants were

duly notified of said injury by registered letter on January 30, 1923.

Defendants answered the petition, denying liability for petitioner's injury.

The answer averred that defendants had contracted with one H. C. Carter to unload certain cars of metal; that the said Carter agreed to unload said cars at so much per car, and that defendants would supply Carter with a workman to assist him, but that said work should be under the control and direction of the said Carter; that petitioner, however, was never at any time in the employ of defendants, but was in the employ of Carter at the time he was injured; and that Carter, in unloading said car wheels and delivering them to the Jones Machine & Foundry Company, was acting in the capacity of an independent contractor.

Upon the hearing on an agreed statement of facts the circuit judge awarded petitioner a recovery for the sum of $280, it being fifty per cent, of his average weekly wage for the period of thirty-five weeks, and the costs of the case, from which judgment defendants appealed to this court, after their motion for a new trial had been overruled, and have assigned errors.

The statement of facts, upon which the case was tried, is as follows:

"George Johnson, the petitioner, was an employee of H. C. Carter, an independent contractor. That while he was in the employ of Carter he suffered, either through his negligence or otherwise, the loss of one forefinger. The accident did not happen on the premises of R. H. Siskin Iron & Metal Company, nor any other place over

which they had control, but occurred while Carter's employee, Johnson, was transferring iron car wheels from the railroad station to the Jones Machine & Foundry Company. That defendants R. H. Siskin et al. did not know Johnson, did not employ him, and he was not subject to their control. That he was responsible only to H. C. Carter, the independent contractor. That in the contract between Siskin & Son, defendants, and Carter it was agreed that defendant Siskin would loan Carter an employee (but not Johnson, the petitioner), and which employee was subject to the orders and control of Carter. Said loaned employee was paid his salary by the defendant. That the contract left the employment of helpers to Carter. He could employ one or many, as he saw fit, and they were paid by Carter, and not the defendants. That Johnson was not the employee loaned by the defendants to Carter.''

Defendants insist that there is no evidence to support the judgment of the court below. Also that said judgment is not authorized by any provision of the Workmen's Compensation Act (chapter 123, Acts of 1919).

Petitioner predicates his right to recover upon section 15 of the Workmen's Compensation Act, which reads as follows:

"That a principal, intermediate or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer.

"Any principal, intermediate or subcontractor who shall pay compensation under the foregoing provisions

may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.

"Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's rights to recover compensation under this act from the principal or intermediate contractor, provided that the collection of full compensation from one employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of said contractors is liable.

"This section shall apply only in cases where the injury ocurred on, in or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

Action was first brought by petitioner against H. C. Carter, his immediate employer, and judgment was recovered against Carter for said injury, and an execution was issued upon said judgment on August 23, 1923, and returned by the officer *nulla bona.* The present action was then instituted against defendants.

We are of the opinion that the judgment of the trial court in favor of petitioner was not authorized by section 15 of the Workmen's Compensation Act. Defendants were not principal contractors within the sense and meaning of said section. They had not contracted or undertaken to execute work for another, but had only employed Carter to perform certain work for them. The

statement of facts shows that Carter was to perform this work according to his own methods, and defendants exercised no control over him whatsoever, but were only interested in the result of the work. They did not employ petitioner; nor was he subject to their control. He was subject to the orders of Carter only. Carter was an independent contractor of defendants in performing the work which he had undertaken.

Furthermore, section 15 of the Workmen's Compensation Act applies only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management. *Williams* v. *Buchanan*, 149 Tenn., 643, 261 S. W., 660.

The written statement of facts, upon which the case was tried, expressly stipulates that the accident did not happen on the premises of defendants, nor at any other place over which they had control, but occurred while petitioner was transferring car wheels from the railroad station to the Jones Machine & Foundry Company.

It results, therefore, that the judgment will be reversed, and petitioner's suit dismissed, with costs.