WOOD *et al. v.* DEAN.

(*Knoxville,* September Term, 1952.)

Opinion filed February 6, 1953.

SPEARS, REYNOLDS, MOORE & REBMAN, of Chattanooga, for appellants.

WOOD, DIETZEN & PARKS, of Chattanooga, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a workmen's compensation case in which the trial judge found the issues in favor of the injured employee, from which the employer was granted an appeal to this Court.

In the first four assignments of error the appellants insist that "there is no evidence to support the judgment of the trial court", and that the judgment is "contrary to the law applicable to the case".

The fifth assignment is based upon a factual issue, i. e., that the evidence "conclusively showed that the petitioner was not an employee of the defendants".

The sixth assignment is also based upon a factual issue, i. e., that the evidence conclusively showed that at the time of the injury the petitioner was not employed upon the subject matter of any contract to which the defendants, any one or more of them, was a party.

The seventh assignment complains that it was error to give judgment for the petitioner because the "evidence conclusively showed that the petitioner's injury did not occur on, in or about any premises on which the defendants had undertaken to execute work, or which were

otherwise under the control and management of any one or more of the said defendants.''

The defendants in the case at bar are H. H. Wood and O. M. Smith, d/b/a Tennessee Valley Realty Company, W. T. McMahan, Jr., and The Fidelity and Casualty Company of New York.

No question is made as to the nature and extent of the injuries complained of.

The business of the partnership herein referred to is that of buying, selling and developing for sale vacant or undeveloped real estate. This partnership employed more than five employees and, as required by the Workmen's Compensation Law, it insured its liability in order to comply with the law. In the course of its real estate business the partnership erected dwelling houses upon numerous vacant pieces of property, title to such property being often taken in the individual name of one of the partners. Thus it was that the partnership acquired a vacant lot on South Crest Road in Chattanooga, title being taken in the name of H. H. Wood. This property was in the name of H. H. Wood at the time Robert B. Dean was injured. It was the intention of the said partner to retain it as his individual property rather than hold it in trust for the partnership. In the development of this property the partnership contracted with W. T. McMahan, Jr., to grade it. The said McMahan was in the business of ''a contract-grader''; he owned his own bulldozer and employed petitioner, Dean, to operate it.

The accident to Dean resulted from removing the bulldozer from a tractor-trailer at or near the lot that was to be graded. As the bulldozer was being driven off the tractor-trailer by Dean it overturned in some man-

ner pinning Dean beneath it and seriously injuring him. The bulldozer was thus unloaded, not on the lot to be developed, but directly across the street from it. The bulldozer was wrecked in the operation, and the contract was never in fact performed by McMahan.

The main contention of the plaintiffs in error is that the Tennessee Valley Realty Company was not the "principal contractor" and hence under the decisions of this Court is not liable to pay compensation to the defendant in error. In support of the foregoing contention the following cases are cited on the brief: *Siskin* v. *Johnson,* 151 Tenn. 93, 268 S. W. 630; *Odom* v. *Sanford & Treadway,* 156 Tenn. 202, 299 S. W. 1045; *Adams* v. *Hercules Powder Co.,* 180 Tenn. 340, 175 S. W. (2d) 319, 151 A. L. R. 1352, and also Code Section 6866.

If appellants are correct in their insistence that the Tennessee Valley Realty Company was not the principal contractor, it cannot be held liable in the case now before us. We think, however, it is clear from the testimony given by H. H. Wood that this house was not partnership property. In other words it did not belong to the Tennessee Valley Realty Company, but was individual property of Mr. Wood, who was a member of the partnership. This fact is disclosed in the following questions and answers:

"Q. (9) Who had the contract with Mr. McMahan? A. We did.

"Q. (10) The Tennessee Valley Realty Company? A. That is right."

"Q. (19) The Tennessee Valley Realty Company built the house? A. That is right.

"Q. (20) You bought the house from the partnership? A. That is right."

It further appears from the testimony of W. T. McMahan, Jr., who was the immediate employer of Robert B. Dean, that he had a contract with the Tennessee Valley Realty Company to grade this property on the basis of "$10.00 an hour" and that it was not to exceed a given amount. (Tr. p. 51.) He in turn employed Dean to operate the bulldozer at $1.80 an hour.

The accident occurred as W. T. McMahan, Jr., was making ready to fulfill his contract, the delivery of the bulldozer being within 25 or 30 feet of where the grading work was to be done. The delivery of the bulldozer was necessarily a part of the contract in which the Tennessee Valley Realty Company was directly interested.

In the light of the foregoing undisputed testimony we are constrained to hold that the Tennessee Valley Realty Company was the principal contractor, and that said partnership and its compensation insurance carrier are liable. The case before us is distinguishable from the cases upon which appellants rely, and to which we have made specific reference. The Tennessee Valley Realty Company is a principal contractor in that it employed Mr. McMahan to grade the property for and on behalf of H. H. Wood at a stipulated sum of money.

The factual situations in the cases cited on appellants' brief are entirely different from the case at bar. Referring to a few of these cases, the holding in *Adams* v. *Hercules Powder Company,* supra, was that the defendant Powder Company being the "principal contractor" could not be held liable in a common-law action for injuries sustained by an employee of a subcontractor. In *McVeigh* v. *Brewer,* 182 Tenn. 683, 189 S. W. (2d) 812, the United States Government was the owner of the property and contracted with the Hercules Powder Com-

pany to construct and operate an ordnance plant. The injured employee sued at common law, which suit was dismissed on the ground that his remedy was under the Workmen's Compensation Act, Code, Section 6851 et seq. In *International Harvester Co.* v. *Sartain*, 32 Tenn. App. 425, 222 S. W. (2d) 854, 863, it was held that defendant was not liable because he was not a "principal, or intermediate contractor, or subcontractor" under Code Section 6866.

In *Siskin* v. *Johnson*, supra, the defendants had engaged an independent contractor to unload car wheels, and was held not liable to pay compensation to one of its employees because the injury did not occur "on, in, or about the premises on which the principal contractor has undertaken to execute work". [151 Tenn. 93, 268 S. W. 632.] The case is thus not in point.

We are confronted with a question that has not heretofore been before us in any compensation case, that is the liability of a partnership, dealing with a member, for injuries to one who is a servant of a subcontractor of such partnership, and possibly an independent contractor. Now conceding that Mr. McMahan was an independent contractor and not subject to the Workmen's Compensation Act (not having five persons employed) Tennessee Valley Realty Company would be liable under the holding in *Maxwell* v. *Beck*, 169 Tenn. 315, 87 S. W. (2d) 564. The injury in the instant case occurred so very near where the grading work was to be done that it was "on, in, or about the premises."

We think it is wholly immaterial that the partnership was contracting for work to be done for and on behalf of a member of the partnership. A liberal construction of the compensation statute would bring the transaction

within its provisions. Moreover there is nothing in the law of contracts which places any limitation upon the authority of a partnership to serve a member by naming a subcontractor, or independent contractor, to do the required work. If an employee of such subcontractor is injured in a manner arising out of and in the course of his employment compensation is recoverable against the partnership as the principal contractor.

The assignments of error are overruled, and the case remanded to the Circuit Court for settlement.