George M. CHAPPELL, the duly qualified and acting administrator of the Estate of Wendall F. Grey, deceased, for the use and benefit of the next-of-kin of Wendall F. Grey, deceased

v.

OLIN–MATHIESON CHEMICAL CORPORATION; I. T. E. Imperial Corporation; Allis-Chalmers, Inc., and Wente Construction Company, Inc.

Civ. A. No. 5447.

United States District Court
E. D. Tennessee, S. D.
March 11, 1969.

Paul T. Gillenwater, Knoxville, Tenn., for plaintiff.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for Allis-Chalmers.

Robert C. Hunt, Chattanooga, Tenn., for Olin Mathieson Chemical Corp.

Milligan, Hooper & Harris, Chattanooga, Tenn., for I. T. E. Imperial Corp.

MEMORANDUM

FRANK W. WILSON, District Judge.

This cause of action is before the Court upon motion for summary judgment filed by the defendant, Olin-Math-

ieson Chemical Corporation (hereinafter referred to as "Olin"). In this case the plaintiff seeks to recover for the wrongful death of Wendall F. Grey. For the purpose of this motion it appears undisputed that Wendall F. Grey died as a result of injuries received when an electrical transformer exploded at Olin's plant at Charleston, Tennessee. Olin owned and operated the plant at Charleston, Bradley County, Tennessee, for the manufacture of certain chemicals. Wendall F. Grey was an employee of Duncan Electric Company, and Duncan Electric was under contract with Olin to make certain electrical installations in connection with a plant expansion at Charleston.

The defendant Olin contends that Duncan Electric Company was a subcontractor and that the defendant Olin was a "principal contractor" within the meaning of Tennessee Code Annotated § 50–915 (1956), which imposes workmen's compensation liability upon a principal contractor for injuries to employees of subcontractors. Accordingly the defendant contends that the plaintiff's exclusive remedy against Olin is for workmen's compensation. For an alternative theory the defendant contends that the deceased was a loaned servant, and accordingly the plaintiff's exclusive remedy would be under the Tennessee Workmen's Compensation Act.

With regard to Olin's contention that it was a principal contractor, the defendant's motion is supported by the affidavit of G. F. Speth, Project Purchasing Agent, a member of the Construction Task Force on the Charleston Expansion Project. The affidavit states that Olin assigned the expansion and construction project at Charleston to the corporation's Engineering and Construction Department. All work done on the premises was under the control and management of the Task Force from the Engineering and Construction Department. The affidavit states that the Task Force performed the functions of a general contractor.

Olin relies upon Tennessee Code Annotated § 50–915 (1956), the first and last paragraphs of which provide as follows:

"A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer.

*     *     *     *     *     *

This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

The term principal contractor is not defined in the statute. A note in the encyclopedia defines principal contractor as "a person standing in direct relation to the proprietor and responsible to him, permitted, by the nature of his contract, ordinarily, to work out the plan thereof by subletting to others as he sees fit." 17 C.J.S. Contractor at p. 514 n. 27.10 (1963). In the normal case, if a business wanted to build an additional building, it would contract out the entire job to a single contractor. That contractor may hire independent contractors to perform specialized functions in the building process. In such a case the contractor hired by the owner or operator of the business is considered the principal contractor. The owner or operator of the business, however, may prefer to hire directly a number of independent contractors to perform the different functions, but by doing so he does not make himself a principal contractor. On the other hand, one who normally performs the functions of a principal contractor will still be considered a principal contractor even though he takes legal title to the property. See Clendening v. London Assurance Co., 206 Tenn. 601, 336 S.W.2d 535, rehearing denied 206 Tenn. 601, 613, 337 S.W.2d 603 (1960); Billings v. Dugger, 50 Tenn.App. 403,

362 S.W.2d 49 (1962). See also Annot., 150 A.L.R. 1214 (1944). In both of the Tennessee cases cited above the owner was a contractor in the business of building houses. In construing the statute liberally in favor of compensation, the Tennessee Supreme Court in *Clendening* stated:

"We think that, merely by taking title in themselves during performance of their contracts, building contractors may not evade the Act and deprive employees of its benefits." 337 S.W. 2d at 606.

There are indications from other cases that generally the owner of the premises is not considered to be an independent contractor within the Act. See Siskin v. Johnson, 151 Tenn. 93, 268 S.W. 630 (1924); Odom v. Sandford & Treadway, 156 Tenn. 202, 299 S.W. 1045 (1927); International Harvester Co. v. Sartain, 32 Tenn.App. 425, 222 S.W.2d 854 (1948); Pierce v. United States, 142 F. Supp. 721 (E.D.Tenn., 1955). In Siskin v. Johnson, *supra,* R. H. Siskin & Son contracted with an individual named Carter to unload some railroad cars. The plaintiff was employed by Carter and was injured while unloading the cars. The plaintiff sought to recover workmen's compensation from Siskin. The Supreme Court noted that the injury did not` occur upon the premises owned by Siskin nor at any place under Siskin's control. The Court also stated that Siskin was not a principal contractor within the Act. In the language of the opinion:

"We are of the opinion that the judgment of the trial court in favor of petitioner was not authorized by section 15 of the Workmen's Compensation Act. Defendants were not principal contractors within the sense and meaning of said section. *They had not contracted or undertaken to execute work for another,* but had only employed Carter to perform certain work for them. The statement of facts shows that Carter was to perform this work according to his own

methods, and defendants exercised no control over him whatsoever, but were only interested in the result of the work. They did not employ petitioner; nor was he subject to their control. He was subject to the orders of Carter only. Carter was an independent contractor of the defendants in performing the work which he had undertaken." 151 Tenn. at 97, 268 S.W. at 631 (Emphasis added)

The Court is of the opinion that under proper construction of the Tennessee statute the term principal contractor does not generally include a corporation who has hired independent contractors to perform specialized work in construction of an addition to the corporation's plant.

With regard to the defendant's alternative contention, whether the deceased is a loaned servant is generally a question of fact, and it appears that material issues of fact remain for the trial of the case. Accordingly, the Court is of the opinion that the motion for summary judgment in behalf of the defendant, Olin-Mathieson Chemical Corporation, should be overruled.

An order will enter accordingly.