William Allen HASKINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1973.

William Allen Haskins appeals from an

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

William Allen Haskins appeals from an order denying without a hearing his RCr 11.42 motion to set aside a judgment entered on February 17, 1969, sentencing him to 21 years' imprisonment pursuant to a plea of guilty on a charge of armed robbery, KRS 433.140.

On February 10, 1969, after having first pleaded not guilty, Haskins was tried and found guilty by a jury which fixed his punishment at life imprisonment. The trial court then granted his motion for a new trial, whereupon he entered a plea of guilty and received the 21-year sentence he now seeks to vacate. The pertinent portion of the judgment entered on February 17, 1969, reads as follows:

"This day, the defendant was brought into court by the Sheriff. Comes his attorney, D. Major. This case being called on the motion for a new trial herein; the court being advised, sustains said motion. The defendant in person and by counsel, withdrew his former plea of not guilty and now pleads that he is guilty as charged in the indictment herein. By consent, the law and facts of this case were presented to the court without the intervention of a jury; the court being advised, and by agreement of the defendant in person and by counsel, finds the defendant guilty and fixes his punishment at a term of twenty one years confinement in the penitentiary."

The RCr 11.42 motion was filed on January 18, 1973. It states that on February 10, 1969, counsel for Haskins was appointed 20 minutes before the trial and was denied a continuance, and that the trial court also denied him an opportunity to secure the attendance of an alibi witness. These complaints pertain, of course, only to the proceedings leading up to the first conviction, which was set aside pursuant to the motion for a new trial, but the following allegations with respect to the final judgment do in our opinion raise an issue of fact upon which he was entitled to a hearing:

"Thereafter, on the 17th day of February, 1969 the movant was called before the Court and informed that if (he) movant would plead guilty he would be sentenced to 21 years. The movant not knowing of his right to appeal the error ridden conviction and knew of no other alternative entered a plea of guilty. A jury recommended the 21 year sentence. Neither the trial judge or counsel advised the movant of his right to appeal."

We construe these allegations to mean that the jury verdict carrying a life

sentence was set aside pursuant to the defendant's agreement to plead guilty and accept the lesser sentence of 21 years, and that Haskins made that agreement without knowing that otherwise he would have had the right to appeal from a judgment entered in accordance with the verdict. If that is true, it is our opinion that his plea of guilty was not "voluntary" from a constitutional standpoint. Cf. Prater v. Commonwealth, Ky., 476 S.W.2d 833, 834 (1972); RCr 11.02(2).

The Commonwealth's response to the RCr 11.42 motion was in the form of a motion to dismiss which (1) controverts the allegations concerning the late appointment of counsel, (2) shows that the only ground asserted in support of the motion for new trial was an alleged error in the instructions, and (3) says that the guilty plea was entered with the advice and consent of counsel for the defendant. Thus it may be seen that there has been no denial that Haskins agreed to enter the guilty plea and submit to a 21-year sentence in ignorance of his right to appeal in the event his motion for new trial should be overruled. Unless the response is amended to meet this critical allegation of the RCr 11.42 motion Haskins is entitled to have the judgment vacated. If the response is so amended he will be entitled to a hearing followed by findings of fact and a final order accordingly.

The granting of a new trial, entry of a guilty plea, and sentence of 21 years having been accomplished in the same order pursuant to what the trial court evidently considered to be a valid consent and agreement by the parties, in the event that court now finds it was not valid (on the ground that the defendant's acquiescence was not voluntary), then the motion for new trial may be reconsidered. Needless to say, Haskins may very well be in a worse position with an appeal from a life sentence than he is with his 21-year sentence, but that will be his prerogative to decide.

The judgment is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEPHENSON and STEINFELD, JJ., sitting.

All concur.