**Gloria Jean DICKERSON,
Plaintiff/Appellant**

v.

**Arthur GODFREY, Rick Catinella, Steve Maynard and Walker Springs Square Partnership, Defendants/Appellees.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 24, 1992.

H. Calvin Walter, Walter Gilbertson & Associates, Donna R. Davis, Hicks, Arnold, Haynes, Sanders & Davis, Knoxville, for plaintiff/appellant.

William S. Lockett, Jr., Kennerly, Montgomery & Finley, Knoxville, for defendants/appellees.

## OPINION

JOSEPH M. TIPTON, Special Justice.

This is a worker's compensation case in which the plaintiff, for herself and her children, sought benefits for the accidental death of the children's father, Dennis Russell, during the installation of a sewer line. Arthur Godfrey was the deceased's employer. Rick Catinella, Steve Maynard and Walker Springs Square Partnership were the landowners who had contracted for the work and who the plaintiff contends are liable to pay benefits as principal contractors under T.C.A. § 50–6–113(a). The Knox County Chancery Court granted summary judgment in favor of the landowners on the basis that the result in the plaintiff's previous unsuccessful tort action against the landowners collaterally estopped her from relitigating the issue of the control exercised by the landowners over the work being done. In this appeal, the plaintiff asserts that collateral estoppel does not apply and that she is entitled to litigate the issue of the landowners' contractor status. We agree.

## FACTS

The landowners had contracted with Arthur Godfrey to lay a sewer line on their property. The deceased was employed by Godfrey and was engaged with a co-employee in digging a ditch for the sewer line when a cave-in caused his death.

The project had begun a few days before and a ditch had been dug in an east-west direction. By deposition, Godfrey testified that, on the date of the death, he had to leave the site temporarily and returned immediately before the accident. He stated that the deceased and the co-employee had started digging a north-south ditch line on their own, against his previous instructions. Godfrey stated that he saw that a dangerous situation had been created because the workers were not using the trench jacks, which he had told them to use, to shore up the walls of the ditch. He testified that he told the deceased to get

out of the ditch, but the walls crumbled before the deceased complied.

## TORT ACTION

The plaintiff sued the landowners for wrongful death. Her complaint alleged that they, in constructing the pipeline, had a duty to provide a safe place to work, a duty to inspect the premises in order to determine that the construction work was being performed safely and a duty to hire responsible and competent persons to perform the work. Also, it alleged that the work was so dangerous that the landowners' duty to see that the work was safely performed was nondelegable.

The landowners' answer alleged that they did not control the means and method of the work performance, nor did they have the authority to do so. It averred that Godfrey was the general contractor and that he had the responsibility to supervise the work. Also, it denied liability because of the deceased's contributory negligence and the intervening, superseding negligence by Godfrey.

The landowners filed a motion for summary judgment which simply stated that there was no issue as to any material fact and that they were entitled to judgment as a matter of law. The memorandum filed in support of the motion consisted mainly of a recitation of facts extracted from transcripts of testimony by Godfrey and defendant Catinella. Again, no specific reason was given in the memorandum as to why the motion should be granted.

The trial court's order granting the summary judgment in the tort action made no explanation of why the motion had merit, only stating that the "defendants' Motion is well taken." On appeal, the trial court's action was affirmed. In its opinion, the Court of Appeals stated the following:

> It was the theory of Ms. Dickerson that Walker Springs was guilty of negligence in not maintaining their premises in a reasonably safe condition to minimize the possibility of injury to the deceased who was, under her theory, a business invitee.[1]

---

1. We note that the distinction between "invitees" and "licensees" in determining a landowner's

We have no quarrel with the proposition of law regarding the duty of landowners to provide employees of contractors or sub-contractors performing work on their premises a safe place to work. *Shell Oil Co. v. Blanks,* 46 Tenn.App. 539, 330 S.W.2d 569 (1959).

However, in the case at bar we are persuaded that the injury and death of Mr. Russell was not a result of any lack of care on the part of the landowner. The unsafe condition was a result of the actions of Mr. Russell's co-worker and Mr. Russell himself.

*Gloria Jean Dickerson v. James R. Racek, et al.,* No. 1234, Knox Co., slip op. at 4–5, 1989 WL 9547 (Tenn.App. Feb. 10, 1989).

## WORKER'S COMPENSATION ACTION

The landowners filed a motion for summary judgment in the worker's compensation action, but, again, neither the motion nor the record on appeal specifies what issues they were addressing. However, the opinion filed by the chancellor stated that the landowners' motion asserted that the plaintiff was collaterally estopped from recovery. It noted that, to succeed, the plaintiff must show that the landowners were principal contractors, which required showing that they exercised or had the right to exercise control of the work of the other contractor's employee. *See Acklie v. Carrier,* 785 S.W.2d 355 (Tenn.1990); *Posey v. Union Carbide Corp.,* 510 F.Supp. 1143, 1145 (M.D.Tenn.1981), *aff'd.* 705 F.2d 833 (6th Cir.1983); *Chappell v. Olin–Mathieson Chemical Corp.,* 305 F.Supp. 544, 545 (E.D.Tenn.1969).

The chancellor stated that the Court of Appeals found in the tort action that the deceased was not the landowners' employee. It quoted the following portion of that Court's opinion:

In our consideration of this case we have not overlooked the testimony that Mr. Catinella was by the construction site on a number of occasions, although not on the day of the accident, to observe the work in progress. He did not, however, purport to direct how the work should be

duty to visitors has been abolished. *Hudson v.*

done, and Mr. Godfrey testified that he was the boss and no one from Walker Springs told him how to do the work.

*Dickerson v. Racek, et al., supra,* slip op. at 5. The chancellor then concluded that the issue of control had been previously found against the plaintiff who, in consequence, was collaterally estopped from relitigating the issue.

## APPLICATION OF COLLATERAL ESTOPPEL

■ The doctrine of collateral estoppel is a corollary to the principle of res judicata. It operates to prevent relitigation of an issue which has been previously determined between the same parties in another suit, even if the suit was based upon a separate cause of action. The doctrine and its limits in Tennessee have been appropriately described as follows:

As has been stated numerous times in Tennessee,

the doctrine of collateral estoppel or estoppel by judgment is an extension of the principal [sic] of *res judicata,* and is generally held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment.

*Home Insurance Company v. Q.V. Leinart,* 698 S.W.2d 335, 336 (Tenn.1985). *See also, Shelley v. Gipson,* 218 Tenn. 1, 12, 400 S.W.2d 709, 714 (1966); *Booth v. Kirk,* 53 Tenn.App. 139, 143, 381 S.W.2d 312, 314 (1963).

The familiar rule is that where the two causes of action are different, the judgment in the first suit is binding as an estoppel only as to those matters in issue, the inquiry being what point or question was actually litigated and determined in the original action, not what might have been litigated and determined.

*Gaitan,* 675 S.W.2d 699 (Tenn.1984).

*Cline v. Cline,* 37 Tenn.App. 696, 701, 270 S.W.2d 499, 502 (1954).

*Andrew Johnson Bank v. Bryant, Price, Brandt, Jordan and Williams,* 744 S.W.2d 581, 584 (Tenn.App.1987).

The doctrine does not apply unless the determination of the issue in the prior suit was necessary to the decision. *Shelley v. Gipson, supra,* 400 S.W.2d at 714. In fact, *Shelley v. Gipson, supra,* was cited in *Andrew Johnson Bank* in support of the proposition that an issue determination which is considered *obiter dictum* and not the law of the case does not collaterally estop pursuit of a subsequent cause of action based upon that issue. *Id.* 744 S.W.2d at 584.

■ The party who asserts the doctrine of collateral estoppel in seeking to bar litigation of an issue has the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment. In this case, the imprecise motion for summary judgment in the tort action and the summary order granting it do not suffice.

We have no way of knowing from the record in the tort action the particular issue or issues determined by the trial court to call for dismissal of the case. Its ruling was the equivalent of a general verdict. In such a case, for us to use the trial court's action as a basis of estoppel, it would require us to conclude that the issue of control was the fundamental requisite to plaintiff's cause of action and that the dismissal necessarily resolved that issue against the plaintiff. *See, e.g., Cole v. Arnold,* 545 S.W.2d 95, 97 (Tenn.1977). Given the element of proximate cause and the defense of contributory negligence raised by the landowners, we cannot so conclude.

■ We acknowledge that the Court of Appeals opinion noted that Mr. Catinella "did not ... purport to direct how the work should be done" and that Mr. Godfrey said "he was the boss and no one from Walker Springs told him how to do the work." Also, it referred to Godfrey as an independent contractor. However, it is far from clear that the question of the landowners' right to control was actually a litigated issue. In fact, given the Court of Appeal's statement that the plaintiff's theory was that the deceased was a business invitee, it is doubtful that the court viewed the case as one requiring it to approve or reject a trial court finding regarding the landowners' right to control.

We do not equate the statements of fact in the opinion with a specific holding on the issue in question, i.e., whether the landowners' lack of right to control the work being done precluded them from being considered principal contractors. The decision of the Court of Appeals was based upon its determination that the death was caused by the deceased's own actions and not by any lack of care on the part of the landowners. Under these circumstances, the plaintiff is not precluded from litigating the landowners' status as principal contractors under T.C.A. § 50–6–113(a).

We add that we are not holding that the landowners were principal contractors nor that such issue may not be appropriately resolved by summary judgment. We are only holding that, on the record before us, the chancellor's grant of summary judgment on the basis of collateral estoppel was error. Accordingly, the judgment of the trial court is reversed and this cause is remanded. Costs are taxed against the appellees.

DROWOTA, O'BRIEN and DAUGHTREY, JJ., and WADE, Special Justice, concur.