47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martha WHITE, Plaintiff-Appellant,
v.
A.C. GILLESS; A. Ray Mills; Shelby County Government,
Defendants-Appellees, Jack Sheriff, et al., Defendants.
 No. 94-5191.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge, and WEBER, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee litigant appeals a district court judgment in favor of defendants on her claims filed under 42 U.S.C. Sec. 1983 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, back-pay, and reinstatement, White sued the Shelby County Government, the Shelby County Sheriff (A.C. Gilless), the Chief Deputy (Ray Mills), an Administrative Law Judge (Dan Norwood), and the Chairman of the Shelby County Civil Service Merit Board (Thomas King), in their official capacities. White claimed that: 1) she was subjected to disparate treatment by her supervisors because of her race, and 2) she was fired from her position as a non-commissioned clerical worker in the Shelby County Sheriff's Department in retaliation for filing claims for relief with the Equal Employment Opportunity Commission and because of her race.
 
 
 4
 The district court dismissed Dan Norwood and Thomas King as defendants by pre-trial orders, and set the case for trial. After a two-day bench trial, the district court granted judgment for the remaining defendants. In her timely appeal, White argues that: 1) the district court improperly refused to consider Andrewnetta Hawkins Jones's statistical report; 2) the district court improperly gave preclusive effect to the factual findings of the Shelby County Civil Service Merit Board (SCCSMB or Board); 3) the district court improperly denied White's request for a trial by jury; and 4) the district court erred in concluding that the Sheriff's Department's interest in ensuring that White was fit for duty outweighed any infringement of her right to privacy.
 
 
 5
 Upon review, we affirm the district court's judgment.
 
 
 6
 The district court properly refused to consider a statistical report prepared by the Shelby County Equal Opportunity Compliance Administrator. The district court excluded the report because it was not relevant to White's case. Importantly, the report's author testified at trial that nothing in her report supported White's claim. The exclusion of the evidence was proper and is not a ground for disturbing the judgment. See Fed.R.Civ.P. 61.
 
 
 7
 The court also properly gave preclusive effect to the Shelby County Civil Service Merit Board's factual findings with regard to White's Sec. 1983 and Title VII claims. The Board concluded that White was guilty of insubordination and that she refused to perform some of her assigned duties. Thus, the Board concluded that White's firing was justified on the grounds of insubordination. This finding is entitled to preclusive effect as to both of White's claims. In actions filed under Sec. 1983, federal courts must give a state agency's factual findings the same preclusive effect that the state courts would give them. Barnes v. McDowell, 848 F.2d 725, 730 (6th Cir.1988). Preclusion is afforded unreviewed administrative agency findings in subsequent Sec. 1983 suits. Nelson v. Jefferson County, Ky., 863 F.2d 18, 19 (6th Cir.1988), cert. denied, 493 U.S. 820 (1989); Barnes, 848 F.2d at 730-31. Under Tennessee law, an administrative agency's findings of fact are given preclusive effect when the issues in the case under consideration have been actually litigated and decided on the merits in a judicial or quasi-judicial proceeding between the same parties. Dickerson v. Godfrey, 825 S.W.2d 692, 694-95 (Tenn.1992). Thus, under Tennessee law, the Board's findings are given full res judicata effect because the issues were actually litigated and decided in the Board's quasi-judicial proceeding. The record indicates that White squarely presented the issue of her discharge to the administrative law judge and that the issue was actually and necessarily litigated. The record also indicates that White was represented by counsel and that she was given a full and fair opportunity to litigate the issue. Further, she had every incentive to litigate the issue.
 
 
 8
 The findings were also properly given preclusive effect with respect to White's Title VII claim because the Board's proceeding was adjudicatory in nature. Preclusion applies if the administrative body acted in a judicial capacity, resolving disputed issues of fact after giving the parties a full and fair opportunity to litigate the issues. University of Tenn. v. Elliott, 478 U.S. 788, 796-98 (1986). Under Tennessee law, findings of fact are entitled to preclusive effect when the issues in the case under consideration have been actually litigated and decided on the merits in a prior quasi-judicial proceeding between the same parties. Dickerson v. Godfrey, 825 S.W.2d at 694-95; Morris v. Esmark Apparel, Inc., 832 S.W.2d 563, 565-66 (Tenn.Ct.App.1991). In this case, the Board acted in a judicial capacity. The Board conducted an adjudicatory hearing in accordance with the procedures under the Uniform Administrative Procedures Act compiled in Title 4, Chapter 5, Section 3. Tenn.Code Ann. 27-9-114(a)(1). At the hearing, White was given a full and fair opportunity to litigate the issues. She was represented by counsel, given an opportunity to call witnesses, and given an opportunity to cross-examine witnesses against her. The Board upheld White's termination and she appealed the decision to the Chancery Court of Shelby County, Tennessee. The Chancery Court ordered the Board to issue more specific findings of fact. This case involves the same issues actually litigated in the Board's quasi-judicial proceeding.
 
 
 9
 The district court properly denied White's request for a jury trial because the request was untimely. The district court is accorded broad discretion in ruling on tardy motions for a jury trial. Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir.1986). White's request for a jury trial was made two years after her original complaint, and she made no effort to justify her failure to demand a jury trial within ten days of the last pleading directed to the issue pursuant to Fed.R.Civ.P. 38(b).
 
 
 10
 Finally, we conclude that the district court properly held that the Sheriff's Department's interest in ensuring that White was fit for duty outweighed any infringement of her right to privacy. White argues that the Sheriff's Department violated her right to privacy by ordering her to disclose her medical records. White told her employer that she was medically incapable of performing certain duties as required by her job. She was ordered to cooperate with Intra Corp., a private firm employed by the county to perform medical and vocational evaluations on county employees. White refused to cooperate with Intra Corp. on the ground that submitting her medical records to Intra Corp. was a violation of her right to privacy; hence, she was fired for insubordination. White's privacy rights were not infringed by the Sheriff's order that she submit her medical record to Intra Corp. It is doubted that such a privacy right even exists in this case. See J.P. v. DeSanti, 653 F.2d 1080, 1089-90 (6th Cir.1981). Even if White's right to privacy is recognized, the courts generally balance that right against the interest or need for disclosure on a case by case basis. See, e.g., Whalen v. Roe, 429 U.S. 589, 598 & nn. 23-25 (1977) (state statute regarding disclosure of medical records did not pose a sufficiently grievous threat to privacy interests); Detroit Edison Co. v. NLRB, 440 U.S. 301, 313-17 (1979) (privacy right prevailed in light of strong public policy against disclosure of employment aptitude tests). In this case, the balance favors disclosure. White placed her medical condition at issue by claiming that she was incapable of performing many of her assigned duties. In an effort to determine the level at which White could perform her duties, or whether she was fit for duty, the Sheriff's Department had an interest in having White or her pertinent medical records examined. Inasmuch as White placed her medical condition at issue, she had only a very limited expectation of privacy regarding her condition. See Tanks v. Greater Cleveland Regional Transp. Auth., 930 F.2d 475, 480 (6th Cir.1991) (physical examination to determine fitness to perform duties diminishes privacy expectations).
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation