IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 4, 2014

**ALICIA SHAYNE LOVERA v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P39701     John W. Campbell, Judge**

_____

**No. W2014-00794-CCA-R3-HC  - Filed December 30, 2014**

_____

In 1996, the Petitioner, Alicia Shayne Lovera, was found guilty by a jury of first degree premeditated murder of her husband.  On the morning of the sentencing hearing in which the State was seeking a sentence of life without the possibility of parole, the Petitioner agreed to plead guilty to first degree premeditated murder in return for a sentence of life with the possibility of parole.  In March 1999, the Petitioner filed a petition for post-conviction relief. Following a hearing, the trial court denied relief, and the Petitioner appealed. This Court affirmed the trial court's denial of post-conviction relief.  On December 19, 2013, the Petitioner filed a writ of habeas corpus alleging the judgment of conviction was void on its face because it was entered upon her plea of guilty after she had been found guilty by a jury. The habeas corpus court dismissed the petition without an evidentiary hearing for failure to state a claim. After a thorough review of the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Habeas Corpus Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ALAN E. GLENN, J., joined.

Alicia Shayne Lovera, *pro se*, Henning, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Thomas D. Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

Alicia Shayne Lovera ("the Petitioner") appeals from the habeas corpus court's summary dismissal of her petition for writ of habeas corpus. On appeal, the Petitioner argues: (1) that the judgment of conviction is "illegal, null, and void on its face" and (2) that the habeas corpus court erred in dismissing her petition without a hearing. We conclude that the judgment of conviction is not void and that the habeas corpus court did not err in dismissing her petition without a hearing.

## Factual and Procedural Background

This Court summarized the facts in its post-conviction opinion, as follows:

On November 6, 1994, United States Park Rangers located a Jeep at the bottom of a one hundred foot embankment on U.S. Highway 441. Inside the Jeep, they discovered the body of the deceased, Kelly J. Lovera. The deceased had multiple wounds to the head. An investigation ensued resulting in the arrest of [the Petitioner] and Brett Rae, the co-defendant in this case and the alleged lover of [the Petitioner].

[The Petitioner] and her co-defendant were jointly tried. A jury found both [the Petitioner] and her co-defendant guilty of first degree murder. Although the death penalty was not sought, the State had provided notice that it was seeking a sentence of life without the possibility of parole. On the morning of the sentencing hearing, [the Petitioner] entered into an agreement with the State which provided that she would plead guilty to first degree murder in exchange for a sentence of life with the possibility of parole. In return, the State relinquished the right to seek a sentence of life without parole. The judgment form also reflects that [the Petitioner] waived her right to file either a direct appeal or a collateral post-conviction attack of her conviction.[1]

Alecia Shayne Lovera v. State, No. 03C01-9901-CC-00030, 2000 WL 2646, at *1, (Tenn. Crim. App. Jan. 4, 2000) reh'g in part granted, No. E1999-01964-CCA-R3-PC, 2000 WL

---

[1] In the post-conviction appeal, this Court held that the provision of the judgment of conviction waiving Petitioner's right to collaterally attack her conviction by a post-conviction petition was a nullity, and the Petitioner was allowed to pursue her post-conviction petition, albeit unsuccessfully, both in the trial court and on appeal.

151164 (Tenn. Crim. App. Feb. 11, 2000).[2]

The Petitioner in her post-conviction appeal claimed that (1) she received ineffective assistance of counsel, (2) her plea was coerced and involuntary, and (3) entry of a guilty plea following a jury verdict of guilt violated her protection against double jeopardy. In addressing the third issue, this Court stated:

> There are no limitations under the Tennessee Constitution, Criminal Code, or Rules of Court which would *per se* prohibit the entry of a guilty plea after a jury verdict had been returned. A guilty plea is in itself a conviction and is conclusive as to the defendant's guilt. Thus, under the circumstances before us in this case, we construe the appellant's subsequent entry of a guilty plea to effectively supercede the jury verdict of first degree premeditated murder. Cf. Haskins v. Commonwealth, 500 S.W.2d 407, 408-409 (Ky. App.1973). But see Daye v. Commonwealth, 21 Va. App. 688, 467 S.E.2d 287, 289 (Va. Ct. App.1996) (entry of guilty plea after jury verdict is moot). The effect of the guilty plea is to nullify, for all practical purposes, the guilt phase of the trial. Thus, when examining her guilty plea for constitutional infirmities, the reviewing court places the appellant in the same posture as if she had not proceeded to trial.

Alicia Shayne Lovera, 2000 WL 2646, at *5.

## Analysis

*Habeas Corpus*

Article I, section 15 of the Tennessee Constitution provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." "While there is no statute of limitations to bar the filing of a habeas corpus petition, the grounds upon which relief will

---

[2] Even though Lovera is designated not for citation, Supreme Court Rule 4(e)(2), which allows use of not for citation cases in certain situations, provides: "An opinion so designated shall not be . . . cited by any judge in any . . . appellate court decision, . . . except when the opinion is the basis for a claim of res judicata, collateral estoppel, law of the case, or to establish a split of authority, or when the opinion is relevant to a . . . habeas corpus action involving the same defendant."

be granted are limited in nature and scope." <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000). Habeas corpus relief "is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." <u>Id.</u> In other words, habeas corpus relief is only available when the judgment is void, not merely voidable. <u>Taylor v. State</u>, 995 S.W.2d 78 (Tenn. 1999).

The habeas corpus court's decision to grant or deny habeas corpus relief is a question of law, and we review the trial court's findings *de novo* without a presumption of correctness. <u>Summers v. State</u>, 212 S.W.3d 251, 255 (Tenn. 2007). The petitioner bears the burden to prove, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." <u>Wyatt</u>, 24 S.W.3d at 322.

### *Collateral Estoppel*

The Petitioner claims she is entitled to habeas corpus relief because the judgment is illegal, null and void on its face. She argues that her sentence is a "nullity because the trial court judge lacked jurisdiction or authority to entertain the guilty plea and enter the judgment of life [with the possibility] of parole [a]fter the jury verdict had been rendered." [3] Although not specifically raised by the parties, we find that the Petitioner's claim is barred by the doctrine of collateral estoppel. [4]

In <u>Massengill v. Scott</u>, 738 S.W.2d 629 (Tenn.1987), our supreme court stated:

> The doctrine of collateral estoppel or estoppel by judgment is an extension of the principle of res judicata, and is generally held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment . . . .

---

[3] The March 29, 1996, judgment of conviction, sentencing the Petitioner to life, has an "X" in the box before "pled guilty" and an "X" in the boxes before "guilty" and "jury verdict."

[4] In its brief, the State argues that the Petitioner's claim is barred by the law of the case doctrine. However, the law of the case doctrine does not apply here because the habeas corpus proceeding is a separate case from the prior post-conviction proceeding. <u>See</u> 5 Am. Jur. 2d <u>Appellate Review</u> § 605 (1995) (stating the phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal *of the same case*). However, based on the content of the State's brief, we construe their argument to contend that the Petitioner's claim is barred by the doctrine of collateral estoppel.

. . .To sustain a plea of collateral estoppel it must be shown, inter alia, that the issue sought to be concluded not only was litigated in the prior suit but was necessary to the judgment in that suit.

738 S.W.2d at 631-32 (quoting 22 Tenn. Jur. pp. 111-12).

Massengill was a civil action brought under various common law tort theories. The doctrine of collateral estoppel has, however, been applied to criminal cases. When addressing the issue of offensive collateral estoppel[5] in State v. Scarbrough, 181 S.W.3d 650, 654-55 (Tenn. 2005), our supreme court stated:

> The doctrine of collateral estoppel, which has its origin in civil cases, applies only when "the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment." Dickerson v. Godfrey, 825 S.W.2d 692, 694 (Tenn.1992) (quoting Home Ins. Co. v. Leinart, 698 S.W.2d 335, 336 (Tenn.1985)). The party who seeks to bar litigation of an issue by invoking collateral estoppel "has the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment." Dickerson, 825 S.W.2d at 695.

This Court, in State v. Marcy Lynn Pursell, No. M2008-01625-CCA-R9-CD, 2009 WL 2216562 (Tenn. Crim. App. July 23, 2009), held that the State was not estopped in a criminal prosecution of a defendant by a prior juvenile dependency proceeding against the same defendant because the ultimate issues were different. This Court noted:

> "Once an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders that determination conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different." Gibson v. Trant, 58 S.W.3d 103, 113 (Tenn. 2001). The doctrine of collateral estoppel "applies only when the issue involved in the case under consideration has already been litigated in a prior suit between the same parties . . . if the determination of such issue in the former action was necessary to the judgment." State v. Scarbrough, 181 S.W.3d 650, 654-55 (Tenn. 2005)

---

[5] Collateral estoppel asserted by the prosecution against a defendant in a criminal case is often referred to as affirmative or offensive collateral estoppel.

(quotation omitted).

2009 WL 2216562, at *3.

Unlike <u>Marcy Lynn Pursell</u>, the issue raised in this case, whether a guilty plea can be entered after a jury has returned its verdict, was previously litigated in the Petitioner's post-conviction proceedings, and the determination of that issue was necessary to this Court's judgment that the Petitioner's plea was voluntary. Additionally, the post-conviction proceedings involved the same parties before us on habeas corpus review. Therefore, we conclude the Petitioner is collaterally estopped to claim that her guilty plea entered after the jury returned its verdict renders the judgment of conviction void.

The judgment of conviction entered upon the Petitioner's plea of guilty is not void on its face, and the habeas corpus court did not err in denying relief without a hearing. <u>Passarella v. State</u>, 891 S. W. 2d 619 (Tenn. Crim. App. 1994). The judgment of the habeas corpus court is affirmed.

## **Conclusion**

For the aforementioned reasons, we affirm the judgment of the habeas corpus court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE