# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

February 11, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

ALICIA SHAYNE LOVERA, )
   Appellant )
vs. )
STATE OF TENNESSEE, )
   Appellee )

)
)
)
)
)
)
)
)
)

 No. E1999-01964-CCA-R3-PC

 SEVIER COUNTY

 Hon. REX H. OGLE Judge

 (POST-CONVICTION)

## ORDER ON PETITION TO REHEAR

A petition to rehear has been filed on behalf of the appellant, Alicia Shayne Lovera, pursuant to Rule 39, Tenn. R. App. P., to have this court reconsider its opinion previously filed in this case on January 4, 2000.[1] After consideration of the same, this court is of the opinion that the petition should be granted to address one allegation, *i.e.*, whether the appellant's guilty plea was knowingly and voluntarily entered.

The appellant contends that this "[c]ourt's opinion overlooks a material fact and misapplies a material proposition of law" in that this court's opinion inaccurately stated that the appellant failed to include a copy of the transcript of the guilty plea hearing in the record. See Tenn. R. App. P. 39(a)(1) and (3).

---

[1]As grounds for her petition, the appellant contends that this "[c]ourt's opinion overlooks a material fact and misapplies a material proposition of law." See Tenn. R. App. P. 39 (a)(1) and (3). Specifically, the appellant complains that (1) this court's opinion inaccurately stated that the appellant failed to include a copy of the transcript of the alleged guilty plea hearing in the record; (2) as there is no Tennessee case on this matter, this court should apply the law of Daye v. Commonwealth, 467 S.E.2d 287 (Va. Ct. App. 1996), holding that the entrance of a guilty plea after a jury verdict is moot; and (3) "this Court misunderstands the reach of the double jeopardy provisions of the United States and Tennessee Constitutions." We deny the petition on all grounds other than the voluntariness of her guilty plea.

Specifically, the appellant insists that, as there is no Tennessee law on point, this court apply the law of Virginia to the facts of the present case regarding the effect of a guilty plea entered following a jury trial. As the appellant failed to include this point in her original argument and as she relies on secondary authority cited to by this court in its opinion, this issue is not a ground for a petition to rehear. See Nashville v. State Board of Equalization, 210 Tenn. 587, 618, 360 S.W.2d 458, 472 (1962) (petition for rehearing not used for purposes of rearguing case on points already considered and determined, unless new and decisive authority has been discovered, which was overlooked by the court). Next, the appellant asserts that this court "misunderstands the reach of the double jeopardy provisions of the United States and Tennessee Constitutions." Again, the appellant merely reargues a point of law already considered and denied by this court. Id. This issue is also not a ground for a petition to rehear.

The record received by the assigned panel contained only two volumes. The appellant claims that "Volume III" includes the plea hearing transcript and must have been lost or misplaced. Although Volume III was located with the post-conviction record for the appellant's co-defendant, Brett Rae, it does not contain the plea transcript. However, the appellant's plea hearing transcript, filed as exhibit 1 in her evidentiary hearing, was also located with the Rae record. In light of the transcript and in the interest of justice, we grant the petition to reconsider whether the appellant's plea was knowingly and voluntarily entered.

Again, the appellant asserts that her guilty plea was involuntarily and unknowingly entered because the trial court failed to advise her of her rights to "knowingly, intelligently, and voluntarily waive cross-examination of witnesses, jury trial and the right against self-incrimination." See Appellant's Brief at 24 (citing Boykin v. Alabama, 395 U.S. 238 (1969); McCarthy v. United States, 394 U.S. 459 (1969)). The appellant also alleges that (1) she received no consideration for entering the plea; (2) her state of mind precluded a knowing and voluntary plea; (3) trial counsel failed to explain a sentence of life without parole; (4) she was not informed that she was entitled to a hearing prior to imposition of sentence; and (5) she was coerced by threats of new evidence against her.

In the present case, the post-conviction court concluded that the appellant received the competent assistance of counsel and, consequently, entered her

plea knowingly and voluntarily. A trial court's findings of fact in the post-conviction hearing are conclusive on appeal unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978 ), cert. denied, 441 U.S. 947, 99 S. Ct. 2170 (1979). The record supports the post-conviction court's findings. Excerpts from the transcript of the joint guilty plea hearing of the appellant and her co-defendant, Brett Rae, reveal that the trial court advised both co-defendant Rae and the appellant of their automatic right to appeal and the waiver thereof by entering a guilty plea, their right to a separate sentencing hearing and waiver thereof by entering a guilty plea, their

rights to trial by jury and the confrontation of witnesses, and that a life sentence in Tennessee means service of at least twenty-five years before reaching parole eligibility. The fact that the court first addressed co-defendant Rae and then the appellant is of no consequence.[2] See State v. Neal, 810 S.W.2d 131 (Tenn. 1991), overruled on other grounds by, Blankenship v. State, 858 S.W.2d 897 (Tenn. 1993). Moreover, if the proof establishes that the appellant was aware of her constitutional rights, she is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn.1992). Our review of the entire record establishes that the appellant's guilty plea was entered voluntarily, knowingly and with full awareness of her constitutional rights.

For these reasons, we find without merit the challenge presented in the appellant's petition to rehear regarding the voluntary nature of her guilty plea.

The petition to rehear is otherwise denied.

PER CURIAM
(Hayes, Tipton, and Welles, JJ)

---

[2]In State v. Neal, 810 S.W.2d at 137-38, our supreme court noted that it is "substantial compliance" with Mackey "if the entire litany of rights and other required explanatory information is communicated in open court simultaneously to multiple defendants in the presence of their respective attorneys, so long as the number involved is not so great as to make individual understanding unlikely; and provided that each defendant is addressed individually to establish on the record the understanding and agreement of each defendant."