COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia

ALVIN HURLEY DAYE

v.          Record No. 2125-94-1          OPINION BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                   FEBRUARY 20, 1996

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Frederick B. Lowe, Judge

            Andrew G. Wiggin, Assistant Public Defender,
            for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Richard B. Smith, Assistant Attorney General,
            on brief), for appellee.


     Alvin Hurley Daye (defendant) was convicted in a bifurcated

trial of attempted capital murder in violation of Code § 18.2-31(6)

and sentenced in accordance with the jury's verdict to forty-five

years in the penitentiary.  Defendant complains on appeal that the

trial court erroneously overruled his motion to withdraw his

arraignment plea of not guilty and enter a guilty plea, following

the jury's guilty verdict but prior to commencement of the

sentencing phase of the proceedings.  We disagree and affirm the

conviction.

     The relevant procedural history is uncontroverted.  Pursuant

to Code § 19.2-295.1, a bifurcated trial commenced upon defendant's

not guilty plea to the indictment and related request for a jury

trial.  At the conclusion of the guilt phase of the proceeding, the

jury was correctly instructed that its initial determination

embraced only guilt or innocence and that, upon a finding of

guilty, the jury "shall not fix the punishment until [that] verdict

has been returned and further evidence is heard . . . ." (emphasis added).  The jury then retired to consider this threshold issue, returning shortly with a guilty verdict.

Before beginning the sentencing phase of the trial, the court pronounced, in open court, its finding of "guilty . . . as charged in the indictment" and "formally enter[ed]" the "jury's verdict." The order which memorializes this ruling recites that "[t]he court affirmed the jury's verdict, finding the defendant guilty . . . ."
 Thereafter, but before commencement of the sentencing phase, defendant moved "for leave to withdraw the plea of not guilty and enter a plea of guilty" to the "full indictment of attempted capital murder," asserting both constitutional and statutory "entitle[ments]" to the "independent judgment of the court upon the . . . punishment to be inflicted, uninfluenced by the judgment or advice of the jury . . . ."[1]  Noting that defendant's guilt had been previously adjudicated by the jury, the trial court overruled the motion.

The proceedings then reconvened to undertake the sentencing phase of the trial and, after instruction on those considerations appropriate to that issue and deliberation, the jury "reached a verdict" which fixed defendant's punishment.  On defendant's motion, the court delayed imposition of the sentence pending the preparation and consideration of a presentence report and, at a

---

[1]Defendant also moved the court to "set aside the jury's verdict of guilty," arguing that it was without sufficient support in the evidence, an issue not before us on appeal.

later hearing, sentenced defendant "[i]n accordance with the jury's verdict."

## THE BIFURCATED TRIAL

Code § 19.2-295.1 mandates a bifurcated proceeding in all felony jury trials. The statute divides the trial into two distinct phases. The jury first resolves the issue of guilt or innocence and, "upon a finding that the defendant is guilty . . ., a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury." Code § 19.2-295.1 (emphasis added). The procedure assures the jury access to "information specific only to sentencing, apart from considerations of guilt or innocence," thereby promoting a punishment appropriate to the circumstances without corrupting the initial determination of guilt or innocence with prejudice. Gilliam v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1996); see also Farmer v. Commonwealth, 10 Va. App. 175, 179, 390 S.E.2d 775, 776-77 (1990), aff'd en banc, 12 Va. App. 337, 404 S.E.2d 371 (1991).

## THE VERDICT AND PLEA

It is well established that a jury's verdict convicting a defendant, approved by the trial court, decides all material conflicts related to a defendant's guilt in favor of the Commonwealth, Mitchell v. Commonwealth, 178 Va. 407, 410, 17 S.E.2d 370, 370-71 (1941) (citation omitted), and "is conclusive upon that phase of the case." Roanoke Ry. & Elec. Co. v. Sterrett, 111 Va. 293, 295, 68 S.E. 998, 999 (1910); see also Wood v. Commonwealth,

8 Va. App. 560, 563, 382 S.E.2d 306, 308 (1989) (citation omitted). Thus, a jury verdict of guilty emanating from the guilt phase of a bifurcated trial, approved by the trial court, resolves that issue, leaving sentence as the sole question remaining to be decided by an additional verdict incidental to a "separate proceeding." See Code § 19.2-295.1.

Here, the jury first returned a verdict finding defendant guilty of the subject offense. After the trial court accepted this verdict, both on the record and by order, and overruled defendant's motion to set it aside, the determination of defendant's guilt became conclusive, rendering his subsequent tender of a guilty plea irrelevant and moot. The trial then advanced to the "separate proceeding" to ascertain sentence, the only unresolved issue before the court, unaffected by defendant's intervening plea.

Defendant's reliance upon Graham v. Commonwealth, 11 Va. App. 133, 397 S.E.2d 270 (1990), in support of a different result is misplaced. There, we considered the efficacy of a defendant's mid-trial guilty plea to the "whole indictment" in the context of a unitary trial and concluded that "[t]he fact that the trial has begun has no effect on a defendant's constitutional right to plead guilty . . . . We can find no limitations either under the Virginia Constitution, statute or Rules of Court which provide a time by which a defendant must enter his plea of guilty." Id. at 141, 397 S.E.2d at 274-75; see Va. Const. Art. I, § 8; Code §§ 19.2-254, -257; Rule 3A:8. "A guilty plea 'is itself a conviction. Like a verdict of a jury it is conclusive. More is

- 4 -

not required; the court has nothing to do but give judgment and sentence.'"  Graham, 11 Va. App. at 141, 397 S.E.2d at 275 (quoting Kercheval v. United States, 274 U.S. 220, 223 (1927)); see also Miracle v. Peyton, 211 Va. 123, 126, 176 S.E.2d 339, 341 (1970); Dixon v. Commonwealth, 161 Va. 1098, 1102, 172 S.E. 277, 278 (1934).  We, therefore, held that "a guilty plea may be tendered at any point prior to a verdict being returned by the jury" with punishment then to be fixed by the court.  Graham, 11 Va. App. at 142, 397 S.E.2d at 275 (emphasis added).

In contrast to the unitary trial in Graham, with its single verdict deciding both guilt and sentence in one proceeding, the bifurcated trial is comprised of two separate phases, each concerned with different issues and resolved by distinct verdicts.  See generally Gilliam, ___ Va. App. at ___, ___ S.E.2d at ___.  Consistent with Graham and related authorities, a defendant may plead guilty at any time prior to the return of the jury's verdict concluding the guilt phase of a bifurcated trial.  However, following publication of a guilty verdict and its acceptance by the trial court, a plea of guilty is untimely and may not upset the procedural course of a bifurcated trial.

Accordingly, we find that the trial court correctly declined to accept defendant's guilty plea and affirm the conviction.

Affirmed.