COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued by teleconference


ERNEST OLIVER HILL, JR.

                                         OPINION BY
v.    Record No. 1833-00-2        JUDGE ROBERT P. FRANK
                                        AUGUST 14, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   James B. Wilkinson, Judge

          Gregory W. Franklin, Assistant Public
          Defender (Office of the Public Defender, on
          briefs), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Ernest Oliver Hill, Jr., (appellant) was convicted by a

jury of rape, in violation of Code § 18.2-61, sodomy, in

violation of Code § 18.2-67.1, breaking and entering, in

violation of Code § 18.2-91, and robbery, in violation of Code

§ 18.2-58.  On appeal, appellant contends the trial court erred

in barring defense counsel, on voir dire, from inquiring as to

the prospective jury's duty to consider the full range of

punishments set forth in the applicable statutes.  For the

reasons stated herein, we agree with appellant and reverse the

sentencing order of the trial court.

## I.  BACKGROUND[1]

During voir dire, the following exchange took place:

[DEFENSE COUNSEL]:  I just want to ask you if you can consider the full range of penalty for the charges?  The charges carry a minimum of five years to --

[COMMONWEALTH'S ATTORNEY]:  Objection.

THE COURT:  Objection sustained.  You can have your exception.  Let's move on.

[DEFENSE COUNSEL]:  Judge, my client has a right to a fair and impartial jury under his Fourth and Sixth Amendment rights.

THE COURT:  I am very familiar with those. All right.  Let's move on.

[DEFENSE COUNSEL]:  If I can just preserve for the record.  He has the right to an impartial jury that is impartial not only to the issue of guilt but also the question of punishment, and I should be able to --

THE COURT:  I have ruled.  Don't argue. Take your exception and go on to your next question.

[DEFENSE COUNSEL]:  I would just quote the unpublished opinion of Boykin v. Commonwealth and Fishback --

THE COURT:  You know better than that.  Go right along.

[DEFENSE COUNSEL]:  Note my exception, Judge.

THE COURT:  Yes, ma'am.  I did that once today.

---

[1] We do not recite the facts of the offense because those facts are not relevant to the issue before us.

The jury convicted appellant of burglary, robbery, rape and sodomy and, in the sentencing phase, fixed his punishment at 110 years in prison. The trial court sentenced appellant to 110 years.

## II. ANALYSIS

Appellant contends the trial court's refusal to allow him to explore the prospective jury's views on the statutory range of punishment violated his right to an impartial jury on the question of punishment. Appellant maintains he has a right to determine possible bias of the veniremen with regard to applying a broad range of punishment. Without this ability, appellant contends, he cannot determine whether jurors are irrevocably biased toward one end or the other of the sentencing spectrum.

The Commonwealth agrees with appellant that a defendant is entitled to an impartial jury on the question of punishment as well as guilt. Patterson v. Commonwealth, 222 Va. 653, 658, 283 S.E.2d 212, 215 (1981). However, the Commonwealth contends this basic right does not permit a defendant to inform the jury, before the trial has begun, of the range of punishment. The Commonwealth concludes that the jury should not be "contaminated" with sentencing information prior to the guilt phase of the trial.

Code § 8.01-358 states:

> The court and counsel for either party
> shall have the right to examine under oath
> any person who is called as a juror therein

and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case.

A juror, knowing anything relative to a fact in issue, shall disclose the same in open court.

Voir dire is further governed by Rule 3A:14, which states, in part:

(a) Examination. – After the prospective jurors are sworn on the voir dire, the court shall question them individually or collectively to determine whether anyone:

\*      \*      \*      \*      \*      \*      \*

(6) Has a bias or prejudice against the Commonwealth or the accused; or

(7) Has any reason to believe he might not give a fair and impartial trial to the Commonwealth and the accused based solely on the law and the evidence.

Thereafter, the court, and counsel as of right, may examine on oath any prospective juror and ask any question relevant to his qualifications as an impartial juror. A party objecting to a juror may introduce competent evidence in support of the objection.

In Buchanan v. Commonwealth, 238 Va. 389, 384 S.E.2d 757 (1989), the Supreme Court of Virginia reviewed the permissible scope of voir dire:

> Trial courts must afford a party a "full and fair" opportunity to ascertain whether prospective jurors "stand indifferent in the cause." LeVasseur v. Commonwealth, 225 Va. 564, 581, 304 S.E.2d 644, 653 (1983), cert. denied, 464 U.S. 1063, 104 S. Ct. 744, 79 L.Ed.2d 202 (1984). However, it is within the trial court's sound discretion to decide when a defendant has had such an opportunity. Id., 304 S.E.2d at 653. Further, trial courts are not required to allow counsel to ask questions which are so ambiguous as to render the answers meaningless. See id. at 579, 304 S.E.2d at 652-53. To be permissible, counsel's questions must be relevant in that they are such as would necessarily disclose or clearly lead to the disclosure of relationship, interest, opinion, or prejudice. See Code § 8.01-358. Where a trial court affords ample opportunity to counsel to ask relevant questions and where the questions actually propounded by the trial court were sufficient to preserve a defendant's right to trial by a fair and impartial jury, we will generally not reverse a trial court's decision to limit or disallow certain questions from defense counsel. See LeVasseur, 225 Va. at 582, 304 S.E.2d at 653; Mackall v. Commonwealth, 236 Va. 240, 251, 372 S.E.2d 759, 766 (1988), cert. denied, 492 U.S. 925, 109 S. Ct. 3261, 106 L.Ed.2d 607 (1989).

Id. at 401, 384 S.E.2d at 764-65.

We discussed the Sixth Amendment right to an impartial jury in Reynolds v. Commonwealth, 6 Va. App. 157, 367 S.E.2d 176 (1988). We wrote:

A criminal defendant is guaranteed an impartial jury by the sixth amendment to the United States Constitution, which is applicable to the states by virtue of the fourteenth amendment. Duncan v. Louisiana, 391 U.S. 145, 149, 88 S. Ct. 1444, 1447, 20 L.Ed.2d 491 (1968); United States v. Thompson, 744 F.2d 1065, 1068 (4th Cir. 1984); Briley v. Commonwealth, 222 Va. 180, 184, 279 S.E.2d 151, 154 (1981). The principles of due process, embodied in the fourteenth amendment to the United States Constitution, also guarantee a defendant's right to an impartial jury. Ristaino v. Ross, 424 U.S. 589, 595 n.6, 96 S. Ct. 1017, 1020 n.6, 47 L.Ed.2d 258 (1976). "The constitutional and statutory guarantee of an impartial jury is no mere 'legal technicality,' but a substantive right scrupulously to be observed in the day-to-day administration of justice." Martin v. Commonwealth, 221 Va. 436, 445, 271 S.E.2d 123, 129 (1980). "Voir dire plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored. Without adequate voir dire the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled." Rosales-Lopez v. United States, 451 U.S. 182, 188, 101 S. Ct. 1629, 1634, 68 L.Ed.2d 22 (1981) (citations omitted).

Id. at 164-65, 367 S.E.2d at 179-80.

Code § 19.2-295.1 mandates a bifurcated proceeding in all felony jury trials. The statute divides the trial into two distinct phases. The jury first resolves the issue of guilt or innocence and, "upon a finding that the defendant is guilty . . ., a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury." Code § 19.2-295.1 (emphasis added). The procedure assures the jury access to "information specific only to sentencing,

apart from considerations of guilt or innocence," thereby promoting a punishment appropriate to the circumstances without corrupting the initial determination of guilt or innocence with prejudice.  <u>Gilliam v. Commonwealth</u>, 21 Va. App. 519, 525, 465 S.E.2d 592, 595 (1996); <u>see</u> <u>also</u> <u>Farmer v. Commonwealth</u>, 10 Va. App. 175, 179, 390 S.E.2d 775, 776-77 (1990), <u>aff'd en banc</u>, 12 Va. App. 337, 404 S.E.2d 371 (1991).

<u>Daye v. Commonwealth</u>, 21 Va. App. 688, 691, 467 S.E.2d 287, 288 (1996).

The Commonwealth argues that by advising the jury panel during <u>voir</u> <u>dire</u> of the sentencing range, a defendant will be "corrupting the initial determination of guilt or innocence." We disagree with the Commonwealth.  In order for counsel to properly explore whether the jury panel may be irrevocably biased toward one end or the other of the sentencing spectrum, it is proper for counsel to inform the panel of the sentencing parameters.

Clearly, <u>voir</u> <u>dire</u> is not allowed at the sentencing phase of the bifurcated proceeding.  There are no strikes for cause and no further peremptory challenges because sentencing "shall be held as soon as practicable before the same jury."  Code § 19.2-295.

Therefore, defense counsel can only inquire as to a venireman's impartiality as to punishment during <u>voir</u> <u>dire</u> under Code § 8.01-358 and Rule 3A:14.

The appellant was denied a "full and fair" opportunity to ascertain whether the prospective jurors "stood indifferent in the cause."  Therefore, we reverse the sentencing order and remand the case for re-sentencing.  Counsel may <u>voir</u> <u>dire</u> the jury panel consistent with this opinion.

<u>Reversed and remanded.</u>