COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


KENNETH MARTIN WALLS
                                           OPINION BY
v.   Record No. 1664-01-2          JUDGE LARRY G. ELDER
                                          MAY 14, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                    Robert G. O'Hara, Jr., Judge

            Jacqueline Waymack (Butterworth & Waymack, on
            brief), for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Kenneth Martin Walls (appellant) appeals from his jury

trial conviction for possession of a firearm by a convicted

felon, in violation of Code § 18.2-308.2.  On appeal, he

contends the trial court abused its discretion when it ruled he

could not inform the jury during closing argument in the guilt

phase of the trial that a conviction for the charged offense

would require imposition of a mandatory minimum sentence of two

years.  We hold that information regarding the mandatory minimum

sentence was irrelevant in the guilt phase of appellant's trial

and, therefore, that the trial court did not abuse its

discretion in barring argument on that subject.  Thus, we affirm

appellant's conviction.

I.

BACKGROUND

On September 30, 2000, appellant was stopped for speeding and admitted to the state trooper who stopped him that he had a pistol in the vehicle. Appellant had previously been convicted of a felony.

Appellant was charged with possessing a firearm after having been convicted of a felony. At trial, before the jury was seated, the Commonwealth asked the court to prevent appellant's counsel from mentioning during the guilt phase the mandatory minimum punishment for the charged offense. Appellant opposed the motion on two grounds. First, he argued that the motion was not made in writing. Second, he argued that due process made it "totally appropriate" for the jury to know the range of punishment, especially in light of the "truth . . . [in] sentencing" rationale behind Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000).

The trial court ruled that appellant's counsel could "fairly represent[] what may be the range of punishment for the [charged] offense," such as by "mention[ing] that it's a Class 6 felony, maximum punishment five years . . . and basically no more." The trial court

> caution[ed] . . . counsel that opening
> statement [in the guilt phase] is not an
> opportunity to argue punishment or to
> address factors either in aggravation or
> mitigation, that indeed punishment is now a

> matter addressed by a jury in the second
> part of a bifurcated trial, and [counsel
> would] have the opportunity to argue it at
> that point.

The trial court also said it "would sustain any objection if such argument is made [in opening statement] and opposing counsel objects."

Over the Commonwealth's objection, the trial court permitted appellant's counsel, in her opening statement, to tell the jury about the range of punishment, including the fact that "[t]here is a minimum mandatory two-year sentence that must be served if [appellant] is found guilty."

Prior to closing argument in the guilt phase of the trial, the Commonwealth asked the trial court to address whether appellant's counsel could argue to the jury that a guilty verdict would result in a mandatory two-year minimum sentence. The court ruled that it was not "appropriate to argue sentence at this juncture." Appellant's counsel then asked why she could not mention again, as she did in her opening statement, that a conviction would carry a mandatory minimum sentence. The trial court responded that there was a difference between "simply introducing [the jury] to the felony for which [appellant] was on trial," including the maximum and minimum punishments, which it permitted during opening statements, and "argu[ing] on the question of punishment." Appellant's counsel again objected because the Commonwealth gave no formal notice of its intent to

seek exclusion of any reference to the mandatory minimum and because "[t]here is no authority for [such exclusion]."

The jury found appellant guilty. In the sentencing phase, the jury recommended imposition of the mandatory minimum sentence of two years, and the trial court imposed the recommended two-year sentence.

II.

ANALYSIS

A.

FORM AND TIMELINESS OF COMMONWEALTH'S MOTION

Appellant contends the trial court erroneously entertained the Commonwealth's motion to exclude argument on the subject of the mandatory minimum sentence required to be imposed upon those convicted of violating Code § 18.2-308.2. Appellant contends the motion was inappropriate because it was not in writing and was not made before trial. Although appellant contends advance notice of this motion was "required by the rules of court," he does not cite the specific rule alleged to contain such a requirement, and we are aware of no rule containing such a requirement for a motion like this one.

Pursuant to Rule 3A:9(b)(1), only

> [d]efenses and objections based on defects
> in the institution of the prosecution or in
> the written charge upon which the accused is
> to be tried, other than that it fails to
> show jurisdiction in the court or to charge
> an offense, must be raised by [written]

> motion made . . . at least 7 days before the
> day fixed for trial.

(Emphasis added.)  Other than those defenses or objections specified in subsection (b)(1), "any defense or objection that is capable of determination without the trial of the general issue <u>may</u> be raised by motion before trial.  Failure to present any such defense or objection before the jury returns a verdict or the court finds the defendant guilty shall constitute a waiver thereof."  Rule 3A:9(b)(2) (emphasis added); <u>see also</u> Code § 19.2-266.2 (specifying certain <u>defense</u> motions and objections, including suppression motions based on claimed constitutional violations, which must be made in writing and no later than seven days before trial).  Only those motions made before trial pursuant to Rule 3A:9(b) must be made in writing. Rule 3A:9(b)(3).  Thus, the Rules of Court did not bar the Commonwealth's oral trial motion to prevent appellant from mentioning in closing argument the mandatory minimum sentence required upon conviction for a violation of Code § 18.2-308.2.

## B.

### REFERENCE TO MANDATORY MINIMUM SENTENCE
### DURING CLOSING ARGUMENT IN GUILT PHASE OF BIFURCATED TRIAL

Appellant contends the trial court abused its discretion in prohibiting his attorney from mentioning in closing argument in the guilt phase of his bifurcated trial the mandatory minimum sentence applicable to the charged offense, especially in light of its ruling permitting counsel to mention the mandatory

sentence in her opening statement.  We hold the argument is not

procedurally barred[1] and fails on the merits because the

available range of punishment upon conviction for a crime is not

relevant to the issue of guilt or innocence.  Thus, the trial

court's exclusion of such argument, regardless of its prior

ruling on the subject, did not constitute an abuse of

discretion.

> "The purpose of closing argument is to
> summarize the evidence for the jury, to
> persuade the jury to view the evidence in
> the light most favorable to the client, and
> to apply that evidence to the law in a
> manner which will result in a verdict
> favorable to the client."

Canipe v. Commonwealth, 25 Va. App. 629, 639, 491 S.E.2d 747,

751 (1997) (quoting Charles E. Friend, The Law of Evidence in

Virginia § 21-1(b)(1) (4th ed. 1993)).  The task of determining

whether a particular fact or issue is appropriate for inclusion

in closing argument is committed to the sound discretion of the

trial court.  See, e.g., id. at 639, 491 S.E.2d at 751-52.  "[An

appellate] court will not interfere with the exercise of this

---

[1] The Commonwealth contends the assignment of error is barred because the record on appeal "contains no proffer of the specific argument defense counsel intended to make."  We disagree.  Appellant's counsel made clear in her argument to the court that she wished to "mention" to the jury "the minimum mandatory" punishment, just as she already had done in her opening statement, so that "the jury [would] know the fact that [the charged crime carries] a minimum mandatory sentence." Counsel stated "[she] would not be arguing" on that issue.  To hold that counsel's representations to the trial court did not constitute a sufficient proffer for purposes of appeal would elevate form over substance.

broad discretion unless it affirmatively appears that such discretion has been abused and that the rights of the complaining litigant have been prejudiced." Cohen v. Power, 183 Va. 258, 262, 32 S.E.2d 64, 65 (1944).

Since the enactment of Code § 19.2-295.1 in 1994, see 1994 Va. Acts chs. 828, 860, 862, 881,

> all felony jury trials [are divided] . . . into two distinct phases. The jury first resolves the issue of guilt or innocence and, "upon a finding that the defendant is guilty . . . , a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury." Code § 19.2-295.1 (emphasis added). The procedure assures the jury access to "information specific only to sentencing, apart from considerations of guilt or innocence," thereby promoting a punishment appropriate to the circumstances without corrupting the initial determination of guilt or innocence with prejudice.

Daye v. Commonwealth, 21 Va. App. 688, 691, 467 S.E.2d 287, 288 (1996) (quoting Gilliam v. Commonwealth, 21 Va. App. 519, 525, 465 S.E.2d 592, 595 (1996)). Thus, bifurcation protects the interests of both the defendant and the Commonwealth.

The proper scope of closing argument in a bifurcated trial for a single, non-capital felony offense, therefore, depends upon the stage of the proceeding in which the argument is presented and the evidence which is admissible in that proceeding. In the guilt phase of such a trial, closing argument is limited to the law applicable to determining guilt or innocence. See Rule 3A:17.1(c) (providing that in bifurcated

trial for non-capital felony offense, "[t]he jury shall not be instructed until the punishment phase with reference to the punishment for any charged or lesser-included felony offense" but shall be instructed at the conclusion of all the evidence in the guilt phase "as to punishment with respect to any misdemeanor being tried in the same proceeding or any lesser-included misdemeanor of any charged felony offense which may properly be considered by the jury"); Newport News & Old Point Ry. & Elec. Co. v. Bradford, 100 Va. 231, 238-40, 40 S.E. 900, 902-03 (1902) (in affirming trial court's ruling refusing to allow defense counsel, "while arguing . . . , to read to the jury authorities," holding that "counsel should be confined, in their argument from legal premises, to the propositions of law embodied in the court's instructions").

The law applicable to determining the appropriate sentence for a defendant found guilty of the charged offense is not relevant and, therefore, falls outside the scope of permissible argument in the guilt phase. Cf. Walker v. Commonwealth, 25 Va. App. 50, 65-66, 486 S.E.2d 126, 134 (1997) (noting evidence "relevant . . . to punishment" within meaning of Code § 19.2-295.1 does not include factors relevant to guilt such as "'residual doubt' about guilt" or the possibility that later-discovered evidence may demonstrate the defendant's innocence, despite fact that these things "might tend to influence a jury's decision as to the amount of confinement"),

overruled in part on other grounds, <u>Fishback</u>, 260 Va. at 115, 532 S.E.2d at 634 (holding that abolition of parole for certain non-capital felonies is information relevant to punishment within meaning of Code § 19.2-295.1).

These limitations properly give effect to the intent of the legislature in enacting statutes which impose mandatory minimum sentences.  In the case of a crime to which a mandatory minimum sentence applies, the General Assembly has determined that commission of the offense is serious enough to require the specified minimum sentence even if mitigating circumstances exist.  Thus, the only purpose served by allowing defense counsel to present argument about the mandatory minimum sentence during the <u>guilt phase</u> is to encourage the jury to acquit the defendant even though the evidence might prove him guilty. Allowing closing argument which encourages an acquittal irrespective of the evidence would, in essence, permit the jury to do in the guilt phase that which it lacks the authority to do in the sentencing phase--impose a sentence less than the statutory minimum--by finding the defendant not guilty. Although jury nullification undoubtedly occurs in some situations, <u>see, e.g.</u>, <u>Wolfe v. Commonwealth</u>, 6 Va. App. 640, 648-50, 371 S.E.2d 314, 318-20 (1988) (discussing inconsistent jury verdicts), the right to due process does not entitle a party to encourage such behavior, <u>cf.</u> <u>Poyner v. Commonwealth</u>, 229 Va. 401, 413-14, 329 S.E.2d 815, 825 (1985) (holding

defendant in capital case has no due process right to retain jurors struck for cause because they indicated willingness to disregard Virginia law, which sanctions imposition of death penalty under appropriate circumstances).  Because the jury could make no legitimate use of information about a mandatory minimum sentence while deliberating on appellant's guilt or innocence, the exclusion of argument which could serve only to encourage inappropriate use of this information did not constitute an abuse of discretion.[2]

In opposing the trial court's ruling in this appeal, appellant relies on the Supreme Court's statement in Fishback, 260 Va. at 113, 532 S.E.2d at 633, that "a properly informed jury ensures a fair trial both to the defendant and the Commonwealth."  The Court held in Fishback that a defendant charged with a non-capital felony offense committed after the abolition of parole in Virginia is entitled to have the jury instructed about that abolition in the sentencing phase of his trial.  Id. at 115, 532 S.E.2d at 634.  The ruling in Fishback is not controlling because, unlike appellant's case, Fishback

---

[2] This result is not inconsistent with our holding in Hill v. Commonwealth, 36 Va. App. 375, 550 S.E.2d 351 (2001), petition for appeal granted, No. 012316 (Va. Sup. Ct. Order of 3/6/02).  In Hill, we concluded that, on voir dire, defense counsel properly may "inform the [jury] panel of the sentencing parameters" for the charged offense "[i]n order for counsel to properly explore whether the jury panel may be irrevocably biased toward one end or the other of the sentencing spectrum." 36 Va. App. at 381, 550 S.E.2d at 354.

dealt with the sentencing phase rather than the guilt phase of a bifurcated trial.  Id. at 108-10 & n.1, 532 S.E.2d at 630-31 & n.1.  Thus, Fishback stands only for the proposition that a defendant is entitled to have the jury "properly informed" about matters relevant to that particular stage of the proceedings, which in Fishback's case concerned the abolition of parole.  As discussed above, the legislature has determined the mandatory minimum sentence appropriate for particular offenses, and a jury instructed about the mandatory minimum during the sentencing phase rather than the guilt phase of such a prosecution is "a properly informed jury" within the meaning of Fishback.

Finally, a different result is not required simply because the trial court permitted appellant to mention in opening statement the mandatory minimum sentence in the context of the sentencing range.  First, even in ruling on the motion to exclude any reference to the mandatory minimum sentence in opening statements, the trial court specifically noted that "punishment is now a matter addressed by a jury in the second part of a bifurcated trial" and that counsel would "have the opportunity to argue it at that point."  Thus, the trial court remained consistent in its ruling that appellant would not be permitted to present argument on the subject of the mandatory minimum sentence during the guilt phase of the trial.

Second, to the extent the rulings were inconsistent, the trial court was not bound to adhere to its initial ruling when

the Commonwealth repeated its motion at the end of the trial, seeking to exclude references to the mandatory minimum sentence during closing argument.  "A trial court is empowered to change a legal determination as long as it retains jurisdiction over the proceedings before it."  Turner v. Sheldon D. Wexler, D.P.M., P.C., 244 Va. 124, 128, 418 S.E.2d 886, 888 (1992). This principle applies equally to rulings made before, during and after trial.  See, e.g., Cloutier v. Queen, 35 Va. App. 413, 420-21, 545 S.E.2d 574, 577-78 (2001); Bottoms v. Commonwealth, 22 Va. App. 378, 383-84, 470 S.E.2d 153, 156 (1996).

### III.

Because argument regarding the mandatory minimum sentence to be imposed upon conviction for an offense is irrelevant in the guilt phase of a trial for that offense and serves only to encourage jury nullification of the legislatively imposed sentencing range, we hold a trial court does not abuse its discretion in refusing to permit such argument during the guilt phase.  Further, because a trial court may change a ruling at any time while it retains jurisdiction over the proceedings in which the ruling was made, we hold the trial court did not abuse its discretion in refusing to permit such argument during the guilt phase in appellant's trial.  Thus, we affirm appellant's conviction for possessing a firearm after having been convicted of a felony.

Affirmed.