COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


ERNEST DEWITT FORD, JR.
                                                    OPINION BY
v.        Record No. 2629-04-3          JUDGE ELIZABETH A. McCLANAHAN
                                                    MAY 30, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
William W. Sweeney, Judge Designate

Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for
appellant.

Deana A. Malek, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


A jury convicted Ernest Dewitt Ford, Jr. of animal cruelty, Code § 18.2-144, and

possession of a firearm after being convicted of a felony, Code § 18.2-308.2.  He challenges the

sufficiency of the evidence supporting his convictions[1] and contends the trial court erred in

prohibiting him from advising the jury during the guilt phase of trial of the mandatory minimum

sentence for the latter offense.  Finding no error, we affirm.

I.  Background

We view the evidence and the reasonable inferences therefrom in the light most favorable

to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786, cert.

denied, 540 U.S. 972 (2003).  We "examine the evidence that tends to support the conviction and

---

[1] While the Commonwealth maintains these arguments are barred by Rule 5A:18, we find
the defendant sufficiently raised them before the trial court.

. . . permit the conviction to stand unless [it] is plainly wrong or without evidentiary support." Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

On January 24, 2004, fifteen-year-old Erin Rockwell and her thirteen-year-old sister Kasey were playing in a barn across the road from their father's house with their three dogs. The dogs began barking when a vehicle approached the barn. Both girls heard and saw a four-wheel vehicle through slats in the barn. Erin saw the vehicle stop and "heard [the engine] cut off." She observed a large man with a long-barreled gun in the vehicle. When the man raised the gun and aimed it in the direction of the barn, Erin warned her sister to get down. When the man fired the gun, Erin and Kasey heard a dog yelp. Erin saw no one else in the area and heard no other gunshots.

As the girls left the barn to get their father, the man drove to the edge of the barn near where the girls' dogs had been. He came within three feet of the girls with a dog following him and asked them how they were. Neither girl responded; they were nervous and shocked. Erin looked at the man's face. Kasey saw a long-barreled gun lying on the man's lap.

Bruce Rockwell, the girls' father, was inside the house when he heard a single, close gunshot from a "high-powered rifle." He was going to check on the girls, when they entered the house. They were excited and upset and told him someone had shot their dog. The girls were accompanied by two of their dogs and the dog that had been following the vehicle. The tag on its collar read "Ford." Later that day, the defendant's son came and took the dog home.

As the Rockwells searched the barn for their third dog, the girls observed a man driving a four-wheel vehicle and yelled to their father, "that's the man that did it." Rockwell recognized the driver as Ernest Ford, Jr., the defendant, and called the sheriff's department. The Rockwells' dog was found the next day about ten to fifteen feet from the barn with a gunshot wound in the stomach.

The defendant admitted he was driving a four-wheel vehicle and saw the girls near the barn on the afternoon of the incident. He assumed he had scared them because "they had their mouths open just looking at him." In a statement to police, the defendant stated, "a good old felon always come up with a gun if he had to." The defendant explained that he made this statement while discussing what he would do to prevent dogs from attacking his livestock, meaning that he would ask someone to bring a gun, not that he would get one.

The defendant argues the evidence is insufficient to show he possessed a firearm or shot the dog because Erin's testimony and her father's identification of him to the police are questionable, there are conflicts in the witnesses' time lines, and the evidence only shows he was present which is insufficient to support his convictions. The jury resolved these conflicting facts against the defendant.

## II. Analysis

The Commonwealth had to prove the defendant possessed a firearm after having been convicted of a felony, Code § 18.2-308.2, and maliciously shot a companion animal of another "with intent to maim, disfigure, disable or kill," Code § 18.2-144. Under the proper standard of review, we discard any evidence that conflicts with that of the Commonwealth. Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*). "The issue is whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected" the defendant's theories of defense and found him guilty beyond a reasonable doubt. Hudson, 265 Va. at 513, 578 S.E.2d at 785; see also Jackson v. Virginia, 443 U.S. 307, 319 (1979) (We consider "whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in original)).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."

Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "[T]he fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998); see also Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004); Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981). Unless we can say as a matter of law that no jury would have convicted the defendant on these facts, we must affirm.

We hold that sufficient, credible evidence permitted the jury to find beyond a reasonable doubt that the defendant possessed a firearm and shot the Rockwells' dog. The defendant admitted he was driving a four-wheel vehicle and saw the girls by the barn on the day of the shooting. He testified they looked scared when they saw him. Erin saw the defendant shoot a firearm toward the barn. Kasey saw him with a firearm right after the shooting. The girls were certain the defendant was the man they saw at the barn with the firearm. These facts support the jury's finding that the defendant had a firearm and used it to shoot the Rockwells' dog.

We recognize that the defendant denied having a firearm and presented evidence that someone else might have shot the dog and there were inconsistencies in the Commonwealth's time line. However, it is the province of the jury, rather than an appellate court, to weigh the facts and to judge the credibility of the various witnesses.

Next, the defendant argues he should have been permitted during opening statements to advise the jury that the firearm offense carried a mandatory punishment. He argues that such knowledge provides "the jury with necessary information to assist them in the deliberative process" to make informed decisions and would prevent them from committing error during their deliberations. This argument, however, ignores the jury's role of determining guilt or innocence based on the evidence.

- 4 -

"A trial court has broad discretion in the supervision of opening statements and closing argument." O'Dell v. Commonwealth, 234 Va. 672, 703, 364 S.E.2d 491, 509 (1988). "The trial court's exercise of its discretion will not be disturbed on appeal unless the record affirmatively shows that it has been abused and that the defendant has been prejudiced." Thornton v. Commonwealth, 31 Va. App. 825, 830, 525 S.E.2d 646, 648 (2000); see also Jordan v. Taylor, 209 Va. 43, 51, 161 S.E.2d 790, 795 (1968); Walls v. Commonwealth, 38 Va. App. 273, 280, 563 S.E.2d 384, 387 (2002).

In 1994, the General Assembly created two distinct stages of all felony and Class 1 misdemeanor trials – the guilt phase and the punishment phase. Code § 19.2-295.1; Griffin v. Commonwealth, 22 Va. App. 622, 624, 472 S.E.2d 285, 286 (1996). During the guilt phase, the jury weighs the evidence and determines whether the defendant is guilty or innocent. Upon finding the defendant guilty, the trial court conducts a separate proceeding "limited to the ascertainment of punishment." Code § 19.2-295.1; Rule 3A:17.1. During the penalty phase, the jury is instructed as to punishment and counsel may make statements and present evidence relevant to the penalty to be imposed. Rule 3A:17.1(c), (d), (e), and (f). At that time, the Commonwealth may introduce the defendant's prior criminal convictions and the defendant "may introduce relevant, admissible evidence related to punishment." Code § 19.2-295.1. This bifurcated procedure promotes "a punishment appropriate to the circumstances without corrupting the initial determination of guilt or innocence with prejudice." Daye v. Commonwealth, 21 Va. App. 688, 691, 467 S.E.2d 287, 288 (1996).

"The law applicable to determining the appropriate sentence for a defendant found guilty of the charged offense is not relevant and, therefore, falls outside the scope of permissible argument in the guilt phase." Walls, 38 Va. App. at 281, 563 S.E.2d at 388; see Wilkins v. Commonwealth, 253 Va. 156, 157, 482 S.E.2d 837, 838 (1997) (deterrence should not be a

factor in determining guilt or innocence); <u>Fain v. Commonwealth</u>, 7 Va. App. 626, 628, 376 S.E.2d 539, 540 (1989) (prosecutor's appeal to jury's "sympathy, passion or prejudice is not permitted" during closing argument); <u>see also</u> Ronald J. Bacigal, <u>Virginia Criminal Procedure</u> § 17:5, at 468 (2006) (counsel is not permitted to argue the law, or "inflame the passions of the jury or appeal to their prejudice").

In <u>Walls</u>, the defendant challenged the trial court's ruling that his closing argument in the guilt phase of his trial could not include mention of a mandatory minimum sentence.[2] This Court held that "the available range of punishment upon conviction for a crime is not relevant to the issue of guilt or innocence." 38 Va. App. at 279, 563 S.E.2d at 387. "Allowing closing argument which encourages an acquittal irrespective of the evidence would, in essence, permit the jury to do in the guilt phase that which it lacks the authority to do in the sentencing phase -- impose a sentence less than the statutory minimum -- by finding the defendant not guilty." <u>Id.</u> at 282, 563 S.E.2d at 388.[3] Accordingly, the trial court did not abuse its discretion in refusing to permit the defendant to refer to punishment during the guilt phase of the trial. <u>Id.</u> at 284, 563 S.E.2d at 389.

---

[2] The defendant maintains <u>Walls</u> distinguished between arguing and mentioning a mandatory sentence to a jury and between opening statement and closing arguments. We do not read <u>Walls</u> to support these distinctions. The <u>Walls</u> Court held that evidence related to punishment is irrelevant in the guilt phase of trial. <u>Walls</u> neither distinguished between mentioning and arguing a sentence to a jury, nor addressed the opening statement. That issue was not contested on appeal – the <u>Walls</u> Court addressed the guilt phase as a whole.

[3] <u>See also</u> <u>United States v. Moylan</u>, 417 F.2d 1002, 1006 (4th Cir. 1969) (defense counsel has no right to urge a jury to acquit in contravention of the evidence); <u>Commonwealth v. Hill</u>, 264 Va. 315, 319, 568 S.E.2d 673, 676 (2002), <u>cert.</u> <u>denied</u>, 537 U.S. 1202 (2003) (questions regarding the range of punishment are not permissible during juror <i>voir dire</i> in a non-capital case since the answers would be speculative as the jurors would have no factual basis for making a punishment determination); <u>In re Commonwealth of Virginia</u>, 229 Va. 159, 163, 326 S.E.2d 695, 697 (1985) (trial court must adhere to inflexible mandatory sentence).

Walls controls the outcome of this case. Evidence regarding punishment is irrelevant to a determination of guilt or innocence. Accordingly, we cannot say the trial court abused its discretion in prohibiting the defendant from mentioning the mandatory minimum sentence to the jury during the guilt phase of his trial.

Although the defendant admits the trial court's ruling was consistent with and governed by the current law, he urges this Court to alter existing law. The relevant law, however, is Code § 19.2-295.1.

> Concerns about the "'propriety, wisdom, necessity and expediency'" of legislation, however, can only be resolved by the legislative branch of government. Willis v. Mullett, 263 Va. 653, 658, 561 S.E.2d 705, 709 (2002) (quoting City of Richmond v. Fary, 210 Va. 338, 346, 171 S.E.2d 257, 263 (1969)). "This Court's function is not to pass on the wisdom of legislation." Dale v. City of Newport News, 18 Va. App. 800, 802, 447 S.E.2d 878, 879 (1994).

Mouberry v. Commonwealth, 39 Va. App. 576, 585-86, 575 S.E.2d 567, 571 (2003). The General Assembly rewrites statutes and changes laws. Id. at 584, 575 S.E.2d at 571. Our role is to apply the law as written, not to change it to accord with the defendant's perception of what might be a "better" law.

### III. Conclusion

For these reasons, we find sufficient credible evidence to support the defendant's convictions and that the trial court did not abuse its discretion in restricting argument regarding punishment during the guilt phase of the trial. Accordingly, we affirm.

Affirmed.