COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


MICHAEL EDWARD JONES HOLMES
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0905-07-3                  JUDGE SAM W. COLEMAN III
                                                   NOVEMBER 25, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                           William D. Broadhurst, Judge

            Anna M. Bagwell (Office of the Public Defender, on briefs), for
            appellant.

            J. Robert Bryden, II, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Michael Edward Jones Holmes was convicted in a jury trial of first-degree murder,

aggravated malicious wounding, statutory burglary, malicious discharge of a firearm into an

occupied building, and two counts of use of a firearm in the commission of a felony.  Holmes

maintains the trial court erred in granting the Commonwealth's motion *in limine* to exclude any

reference by his counsel to the consequences of a finding of not guilty by reason of insanity during

the guilt phase of the trial.  We disagree and affirm the judgment of the trial court.

        By granting the Commonwealth's motion, the trial court precluded Holmes's counsel

from referring to or explaining the consequences of an acquittal by virtue of insanity during *voir*

*dire* of potential jurors, the presentation of evidence, and the argument of counsel.  Holmes

maintains his due process rights under the United States and Virginia Constitutions entitled him

to inform the jury that an acquittal by reason of insanity would not entitle him to being released

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and could result in his commitment to a mental health facility with a loss of liberty "for an indefinite period of time . . . and in some cases permanently[.]"

In support of his contention, Holmes relies upon the rationale in Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), in which our Supreme Court held that in non-capital felony cases the jury should be told in the sentencing phase of the trial about a defendant's parole eligibility. The Fishback Court held, "A jury should not be required to perform this critical and difficult responsibility [of sentencing] without the benefit of all significant and appropriate information that would avoid the necessity that it speculate or act upon misconceptions concerning the effect of its decision." Id. at 113, 532 S.E.2d at 633. Holmes argues that those same concerns are in play here, and his attorney was entitled to explain, and a jury was entitled to know, "all significant and appropriate information" about the consequences and effects of a verdict of not guilty by reason of insanity.

In 1994 the General Assembly passed Code § 19.2-295.1 providing for bifurcated guilt and sentencing phases in order to avoid prejudicing those distinct determinations with extraneous, irrelevant information. In doing so, "the General Assembly created two distinct stages of all felony and Class 1 misdemeanor trials - the guilt phase and the punishment phase." Ford v. Commonwealth, 48 Va. App. 262, 268, 630 S.E.2d 332, 336 (2006). "This bifurcated procedure promotes 'a punishment appropriate to the circumstances without corrupting the initial determination of guilt or innocence with prejudice.'" Id. at 269, 630 S.E.2d at 336 (quoting Daye v. Commonwealth, 21 Va. App. 688, 691, 467 S.E.2d 287, 288 (1996)).

Here, Holmes asks us to extend the Fishback rationale to allow his attorney to explain during various stages of the guilt phase, including jury *voir dire*, evidentiary proof, and opening and closing arguments, the consequences of a not guilty verdict by reason of insanity. We find the Fishback holding distinguishable and inapplicable here in that the Fishback rationale and

holding only apply to the sentencing phase of the trial. Only in that situation is it theoretically relevant to explain the consequences of a verdict of not guilty by reason of insanity. But, of course, under Code § 19.2-182.2 the trial judge, not the jury, determines whether a defendant found not guilty by reason of insanity is a danger to society and should be committed to the Department of Mental Health and Retardation. Thus, a jury in this situation has no reason to know or be told during the guilt phase what the trial judge may do following a verdict of not guilty by reason of insanity. For this reason, we find Holmes's reliance upon Fishback is misplaced.

Additionally, the Fishback decision did not alter or overrule long-standing precedent that has consistently precluded instructing the jury during the *guilt* phase as to the consequences upon a defendant's liberty of an acquittal by reason of insanity. In Spruill v. Commonwealth, 221 Va. 475, 486, 271 S.E.2d 419, 426 (1980), the Court upheld a trial court's refusal to give a jury instruction that would have detailed the administrative procedures to be followed by the court and the Commissioner of Mental Health and Mental Retardation under Code § 19.2-181 (now Code § 19.2-182.2) when a defendant is acquitted by reason of insanity. Similarly, in Rollins v. Commonwealth, 207 Va. 575, 582-83, 151 S.E.2d 622, 626-27 (1966), the Court upheld the trial court's excluding from a jury instruction language which explained the court's statutory requirement to commit an individual who the court found to be "dangerous to the public peace or safety" to "the proper State hospital for the insane" should the jury find the accused not guilty by reason of insanity. In Miller v. Commonwealth, 15 Va. App. 301, 307-08, 422 S.E.2d 795, 799 (1992), we held, relying upon and being bound by the holdings in Spruill and Rollins, that the trial court properly refused a jury instruction that would have told the jury "the consequences

of a verdict of not guilty by reason of insanity" and that the defendant "would not be set free but instead would be committed to the custody of state mental health authorities."[1]

"[T]he only purpose served by allowing defense counsel to present argument about the mandatory minimum sentence during the *guilt phase* is to encourage the jury to acquit the defendant even though the evidence might prove him guilty." Walls v. Commonwealth, 38 Va. App. 273, 282, 563 S.E.2d 384, 388 (2002) (emphasis in original). For the same reason, the trial court did not abuse its discretion in refusing to allow *voir dire*, evidence, or argument regarding the consequences of an acquittal by reason of insanity because to do so is to encourage a jury to find the accused not guilty by reason of insanity based upon whether or not the defendant will be committed or released rather than whether he is legally insane. "Evidence regarding punishment is irrelevant to a determination of guilt or innocence." Ford, 48 Va. App. at 270, 630 S.E.2d at 337. Allowing Holmes to refer to the effect of such a disposition would "encourage[] an acquittal irrespective of the evidence." Walls, 38 Va. App. at 282, 563 S.E.2d at 388. "[T]he right to due process does not entitle a party to encourage such behavior . . . ." Id. (citation omitted) (footnote omitted).

Thus, "we are constrained by our previous decisions and those of the Supreme Court." Bostic v. Commonwealth, 31 Va. App. 632, 636, 525 S.E.2d 67, 68 (2000). To the extent Holmes asks us to overturn Spruill, Rollins and their progeny, "we are without authority to overrule the Supreme Court of Virginia." Roane v. Roane, 12 Va. App. 989, 991, 407 S.E.2d

---

[1] As in Walls v. Commonwealth, 38 Va. App. 273, 283, 563 S.E.2d 384, 389 (2002), we reject the Commonwealth's assertion that appellant's argument is barred under Rule 5A:18. See Walls, 38 Va. App. at 279 n.1, 563 S.E.2d at 387 n.1. The Commonwealth's motion *in limine* sought to exclude references to the consequences of an insanity finding "in any stage of the trial," including *voir dire*, and the trial court's ruling clearly encompassed whether appellant could address an insanity disposition in a jury instruction. The trial court expressly ruled that its "understanding of the law in Virginia [wa]s that the jury is not to be *instructed* as to what would happen procedurally or otherwise to a defendant who is found not guilty by reason of insanity[.]" (Emphasis added.) Accordingly, appellant's arguments have been preserved for appeal.

698, 699 (1991). "Because the jury could make no legitimate use of information" about the consequences of an insanity finding while deliberating on Holmes's guilt or innocence, the trial court did not abuse its discretion in granting the Commonwealth's motion *in limine*. <u>Walls</u>, 38 Va. App. at 282, 563 S.E.2d at 388.

The trial court's judgment is affirmed.

<u>Affirmed.</u>