COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia

UNPUBLISHED

CALVIN A. TUCKER

                             MEMORANDUM OPINION[*] BY
v.      Record No. 1527-12-2                 JUDGE LARRY G. ELDER
                                   JULY 2, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LANCASTER COUNTY
Joseph E. Spruill, Jr., Judge Designate

Thomas M. Hendell (Elizabeth B. Hurd; Dunton, Simmons &
Dunton, L.L.P., on briefs), for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Calvin A. Tucker (appellant) appeals from his bench trial convictions for rape, object

sexual penetration, burglary, and possession of burglary tools. On appeal, he contends the trial

court erred in denying his motion to vacate its order appointing a special prosecutor both because

the Commonwealth's motions requesting the appointment were not in writing as required by

Rule 3A:9 and because the court entered the order of appointment without providing appellant

notice and an opportunity to be heard as required by the Due Process Clauses of the United

States and Virginia Constitutions.[1] We hold no reversible error occurred, and we affirm

appellant's convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not in this appeal challenge the underlying authority of the court to
appoint a special assistant prosecutor or the admission of the DNA evidence, which the special
assistant prosecutor handled.

I.

A lower court's interpretation and application of the Rules of Court presents a question of law subject to *de novo* review. LaCava v. Commonwealth, 283 Va. 465, 469-70, 722 S.E.2d 838, 840 (2012) (citing Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 153 (2008)). We also review constitutional questions *de novo* on appeal. See, e.g., Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005).

Rule 3A:9(b)(3) provides that "[a]ny motion made before trial shall be in writing if made in a circuit court, unless the court for good cause shown permits an oral motion."[2] The manifest purpose of the rule is to provide notice to the parties so that no one is surprised or prejudiced. Similarly, procedural due process, where applicable, entitles one to "reasonable notice" and an "opportunity to be heard." McManama v. Plunk, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995); see also Klimko v. Va. Emp. Comm'n, 216 Va. 750, 757, 222 S.E.2d 559, 565 (1976). We hold no reversible error occurred here for three reasons.

First, pursuant to Frye v. Commonwealth, 231 Va. 370, 345 S.E.2d 267 (1986), no written motion was required and no process was due because the Commonwealth's Attorney did not need judicial approval to employ a special assistant prosecutor. Id. at 379-80, 345 S.E.2d at 275 ("The Commonwealth's attorney is authorized to employ his own assistants, and no court approval is required." (citing Code § 15.1-9, now Code § 15.2-1632)). Thus, any absence of written notice and a hearing violated neither Rule 3A:9(b)(3) nor due process.

---

[2] The Commonwealth contends appellant failed to preserve this argument for appeal. However, Rule 5A:18 "does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." Lash v. Henrico Cnty., 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992) (en banc). Appellant argued that he had not received a motion and that he "[didn't] even know if [the Commonwealth's Attorney] filed a motion." Counsel argued further that "a court of record requires . . . that the document is filed . . . to bring issues before this court." Thus, we hold Rule 5A:18 does not bar this issue.

Second, even if a court order was required to authorize the involvement of a special assistant prosecutor from another Virginia locality, no error occurred under Rule 3A:9(b)(3) because good cause existed to excuse the Commonwealth's failure to submit a written motion.[3] Appellant's notice of entry of the *ex parte* order also provided him with notice of the Commonwealth's underlying request. After appellant received that notice, the trial court permitted both counsel to make argument on the motion to vacate, as well as on the motion for appointment of a special prosecutor. Implicit in the court's procedure was a finding that good cause existed to excuse the filing of a written motion for such appointment because appellant received notice of the motion, had a chance to make argument on it, and established no prejudice from the fact that the motion was not in writing.

Third, even if we assume that entry of the order of appointment without prior notice to appellant constituted a violation of his procedural due process rights, any error was "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705, 710-11 (1967); Cairns v. Commonwealth, 40 Va. App. 271, 286, 579 S.E.2d 340, 347 (2003) ("An error does not affect the [outcome] if we can determine, without usurping the [trial court's] fact finding function, that, had the error not occurred, the [result] would have been the same."). The trial court provided appellant with notice of entry of the order and conducted a subsequent hearing at which appellant was permitted to present argument opposing the appointment. Thereafter, the trial court reconsidered its decision to enter the order of appointment and ruled that the order would stand. See Baldwin v. Commonwealth, 43 Va. App.

---

[3] We assume without deciding, as we did in Walls v. Commonwealth, 38 Va. App. 273, 278-79, 563 S.E.2d 384, 386-87 (2002), that this portion of the rule applies to the Commonwealth as well as to the defense. We also assume without deciding that it applies to all motions made prior to trial, whether or not the rule specifically *requires* the particular type of motion to be made before trial. Thus, we need not address the parties' arguments regarding whether the holding to this effect in Walls, 38 Va. App. at 279, 563 S.E.2d at 387, was *dictum*.

415, 421-24, 598 S.E.2d 754, 757-59 (2004) (holding any error resulting from *ex parte* proceeding was cured by subsequent hearing on the same issue at which the defendant submitted evidence and argument). Thus, any error was harmless.

Appellant claims entry of the order on an *ex parte* basis prejudiced his defense because "[he] would not have been convicted but for the DNA evidence against him," which was admitted "only . . . with the special prosecutor's assistance at trial." Appellant's claim of prejudice improperly focuses on the final result at trial rather than on the specific impact of the claimed error on his procedural due process rights. As the Supreme Court held in Yarbrough v. Commonwealth, 258 Va. 347, 362, 519 S.E.2d 602, 609 (1999) (emphasis added), "the appointment of a special prosecutor does not prejudice the defendant. This is necessarily so simply because *such an appointment does not alter the truth-finding process of the defendant's trial.*" Thus, to the extent appellant speculates that the DNA evidence would not have been admitted but for the special prosecutor's assistance at trial, this consideration simply is not relevant. No principle of law provides a defendant with the right to have an incompetent prosecutor. To the contrary, as Yarbrough makes clear, "a Commonwealth's Attorney, no less than any other member of the bar, is subject to the rules of professional responsibility," and "the duty of competence may require a Commonwealth's Attorney of lesser experience to seek the association of more experienced counsel when prosecuting a difficult, complex case." Id. at 361, 519 S.E.2d at 608-09.

Citing Yarbrough, appellant also claims the trial court erred because it let stand the original order of appointment rather than vacating it and entering a new order reflecting its ruling made after the notice and hearing requirements had been met. We reject this contention.

In Yarbrough, the trial court's first order of appointment was based on Code § 19.2-155, which applies where the Commonwealth's attorney is unable to act due to some "temporary

- 4 -

disability or ethical bar." 258 Va. at 355, 519 S.E.2d at 605. Presumably because no such problem or bar existed in that case, the trial court later vacated its first order and entered a second based on its inherent authority. Id. at 355-56, 519 S.E.2d at 605. In reviewing the trial court's appointment of a special assistant prosecutor in Yarbrough on appeal, the Supreme Court made no ruling regarding this procedure of vacating the first order and entering a second, observing it "need[ed] only [to] be concerned with [the second order and] whether the appointment of a special prosecutor on motion of the Commonwealth falls within this broad discretion afforded to a trial court." Id. at 361, 519 S.E.2d at 608.

On the differing facts in the instant case, in which the trial court's first and only order of appointment was based on its inherent authority, we hold it would elevate form over substance to require the trial court to vacate its order and enter a new order containing precisely the same ruling. Cf. Purvis v. Commonwealth, 31 Va. App. 298, 308-09 & n.4, 522 S.E.2d 898, 903 & n.4 (2000) (holding claimed error harmless because it would "exalt form over substance" to hold "that one judge's trying multiple unrelated offenses in a bench trial presumptively constitutes reversible error while holding that the same judge's trying the same offenses separately but in rapid succession presumptively is not error"). Because the trial court provided appellant with notice of entry of the order and an opportunity to object and make argument on his objections, appellant received all the process he was due, and the trial court's refusal to vacate the order and enter a second order identical to the first was not reversible error.

## II.

For these reasons, we hold no reversible error occurred, and we affirm appellant's convictions.

Affirmed.