COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


ALFRED EVERETT CARTER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2121-05-2                      CHIEF JUDGE WALTER S. FELTON, JR.
                                                    MARCH 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

        Terry Driskill for appellant.

        Joshua M. Didlake, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Alfred Everett Carter (appellant) was convicted of two counts of robbery in violation of

Code § 18.2-58, and two counts of use of a firearm in the commission of robbery in violation of

Code § 18.2-53.1, arising out of incidents occurring in the same jurisdiction approximately one mile

away from each other, one on March 31 and the other on April 1, 2004.  During the bench trial,

appellant admitted to the April 1, 2004 robbery of J.L. and use of a firearm charge, and pleaded

guilty to those indictments.[1]  The sole question on appeal is whether the evidence was sufficient to

prove beyond a reasonable doubt that appellant robbed K.H., using a firearm, in Colonial Heights

on March 31, 2004.  Appellant contends that K.H.'s eyewitness identification of him as the person

who robbed her was unreliable and insufficient.  Finding no error on the part of the trial court, we

affirm.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The convictions related to the April 1, 2004 robbery are not before us in this appeal.

BACKGROUND

"When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom." Clifford v. Commonwealth, 48 Va. App. 499, 513, 633 S.E.2d 178, 185 (2006) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). "The credibility of the witness and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Askew v. Commonwealth, 40 Va. App. 104, 107, 578 S.E.2d 58, 60 (2003) (quoting Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986)).

Consistent with these principles, the evidence shows that on March 31, 2004, K.H. was sitting on the floor of her store packing merchandise. When appellant entered the store, K.H. "looked up at him" and said she would be with him in a moment. Appellant then walked toward K.H., pulled out a black handgun, and stated, "This is a robbery. Give me your money." He ordered her off the floor, pushed her toward the cash register with his gun against her shoulder, and directed her to open it. Once K.H. opened the register, appellant ordered her to lie facedown on the floor. As she lay on the floor, she looked up at appellant's face while he was taking money from the cash register with one hand and holding the gun on her with the other hand. She "studied" his facial expressions, especially his eyes. After stuffing his pockets with money from the cash register, appellant asked where the safe was located. When told there was no safe, appellant left the store. K.H. locked the store door and called the police. She described her assailant as stocky, about six feet tall, with no facial hair, wearing baggy clothing and a white doo-rag covering his hair.

Two days after the robbery, and the day following appellant's robbery of J.L., detectives from the Colonial Heights Police Department presented K.H. with a photo array of six different driver's license photos. From that display, she identified appellant as the person who robbed her at gunpoint. At trial, K.H. again positively identified appellant as the person who robbed her on March 31, 2004. She stated, "It was just something about the eye expression . . . that I—that I don't think I'll ever forget." She described the height of appellant as "five-foot, five-foot-five" during trial. When told that the police report stated that she had described appellant as six feet tall, she explained that "the six-foot was guessing" and that she was "not good on height."

Appellant testified at trial. He denied involvement with the robbery of K.H., stating that he was in Alexandria with two friends at the time that robbery occurred. Appellant was convicted of both robberies and use of a firearm in the commission of each.

ANALYSIS

On appeal, appellant argues that K.H.'s eyewitness testimony was unreliable and insufficient to prove his identity as the person who robbed her. He argues that K.H made inconsistent statements regarding the length of time the robbery lasted, gave inconsistent descriptions of the robber's height to the police immediately after the robbery and during her testimony at trial, and that her ability and opportunity to view the robber cast reasonable doubt on her identification of him as the robber.

In determining whether evidence presented at trial is sufficient to prove identity, we apply a totality of the circumstances analysis using the five factors enumerated in Neil v. Biggers, 409 U.S. 188, 199-200 (1972). Blevins v. Commonwealth, 40 Va. App. 412, 423-24, 579 S.E.2d 658, 664 (2003). In reviewing the totality of the circumstances to determine the reliability of the identification, we examine K.H.'s opportunity to view the robber at the time of the crime, her degree of attention, the accuracy of her prior description of the robber, the level of certainty she

demonstrated at the confrontation, and the length of time between the crime and confrontation.  Id. (citing Biggers, 409 U.S. at 199-200).

Applying these factors to the evidence in the record before us, and considering that evidence in the light most favorable to the Commonwealth, we conclude that the trial court did not err in determining K.H.'s identification of appellant as her assailant was valid.  K.H. had an adequate opportunity to study appellant's eyes, facial expression, build, lack of facial hair, and clothing as he entered the store and approached her.  She had an additional opportunity to study him for the one to two minutes as she lay on the floor observing him at very close range as he took money from the cash register.  She testified that:

> The expression was very vivid in my mind, the eye expression, the facial expression.  When I was laying on the floor, I studied the facial expression.  I thought if I live through this, maybe, . . . I'll be able to identify who did this.  So I really studied what he looked like as far as the face and the clothing and everything, . . . that . . . I could take into account.

She also described the gun appellant used in detail, that it was a small, square, black handgun with the bottom sticking out beyond appellant's hand.  K.H.'s description of the gun used was similar to the description of the handgun J.L. testified appellant used to rob him.  K.H. selected appellant's picture from a photo array two days after the robbery.[2]  K.H. testified that she focused on the facial features of those pictured in the array by placing a white piece of paper over each person's hair to "visualize the person with the doo[-]rag on their head."  From the array, she identified appellant at trial as the person who robbed her.

While K.H.'s initial and later descriptions of appellant's height were somewhat inconsistent, she correctly depicted appellant's body type, lack of facial hair, and clothing style. She repeatedly stated that she "studied" appellant's facial expression and eyes and that those

---

[2] Appellant did not challenge the photo array as being unduly suggestive.

features were critical to her identification of him both in the photo array and at trial. The only opportunity K.H. had to observe appellant's height while standing was when appellant pushed her toward the cash register at gunpoint. Any difference between K.H's original description of appellant's height and his actual height was a matter of weight for the trial court to consider among other factors she used to identify appellant as her robber. Satcher v. Commonwealth, 244 Va. 220, 249, 421 S.E.2d 821, 838-39 (1993). The trial court was capable of "measur[ing] intelligently the weight of identification testimony that has some questionable feature." Manson v. Brathwaite, 432 U.S. 98, 116 (1997). The trial court found K.H.'s testimony that appellant was the person who robbed her to be reliable and credible. We cannot say, considering all the evidence presented, that there existed "a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968).

The trial court also heard evidence related to appellant's admitted robbery of J.L., which occurred one day after and approximately a mile away from where K.H.'s robbery took place. The trial court noted that it was "struck by the similarity [of the cases] and MO [modus operandi] of the evidence" in the two robberies. In accepting K.H.'s testimony that appellant was the person who robbed her, the trial court disbelieved appellant's contradictory alibi testimony and was entitled to "'conclude that the accused is lying to conceal his guilt.'" Ford v. Commonwealth, 48 Va. App. 262, 267, 630 S.E.2d 332, 335 (2006) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)). While appellant testified that he was not in Colonial Heights on March 31, 2004, no witness corroborated his alibi. "The credibility of witnesses is a question exclusively for the [fact finder], and where a number of witnesses testify directly opposite to each other, the [fact finder] . . . has the right to determine . . . which witnesses are worthy of more credit, and to give credit accordingly." Campbell v. Commonwealth, 14 Va. App. 988, 994, 421 S.E.2d 652, 655-56 (1992). Based

upon the record before us, we conclude that the trial court did not err in finding K.H.'s eyewitness testimony, that the appellant was the person who robbed her at gunpoint in her place of business, to be reliable and credible. We, therefore, affirm his convictions.

Affirmed.